SPECIAL SCHOOL DISTRICT No. 65 OF LOGAN COUNTY v. BANGS.

Opinion delivered May 10, 1920.

SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY TO SCHOOL DISTRICT TO CHARGE TUITION.—Special Acts 1919, No. 553, § 1, impowering the board of Special School District No. 65 in Logan County to charge such tuition as to such board seems necessary and proper, is unconstitutional, as violating §§ 1-4, art. 14, Const., providing for a system of free schools.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland,* Chancellor; affirmed.

*J. H. Evans,* for appellant; *W. A. Ratteree,* of counsel.

The act is not unconstitutional and void. 33 S. W. 93; Kirby's Digest, §§ 7638, 6743, 7684; 113 Ark. 19; 95 *Id.* 26. Voorhees on Law of Public Schools, p. 74. The Legislature has the power to authorize school boards to maintain in connection with the free school grades other grades or schools and charge tuition to pupils in non-free grades. The law presumes in favor of the constitutionality of acts of the Legislature. 27 Ark. 202; 25 *Id.* 246; 11 *Id.* 481; 1 *Id.* 552. All doubts are resolved in favor of the constitutionality of an act. 93 Ark. 612; 99 *Id.* 1; 86 *Id.* 231; 100 *Id.* 175; 86 *Id.* 412; 85 *Id.* 171; 66 *Id.* 466; 76 *Id.* 197; 77 *Id.* 250; 84 *Id.* 364. The court erred in granting the injunction.

*John P. Roberts* and *Carmichael & Brooks,* for appellees.

The injunction was properly granted. A system of *free* schools is provided for by our Constitution, and act 553 is unconstitutional and void. Art. 14, § 1. Const.; 25 Ark. 246-256; 30 L. R. A., p. 700; 35 Cyc., pp. 811-12; 37 Am. Rep. 123; 23 L. R. A. 603; 120 Ark. 81; 35 Cyc., p. 1118; 86 Ga. 605; 13 S. E. 120. See, also, 167 Ala. 325; 140 Am. Rep. 41; Anno. Cases 1914 B, p. 406.

HART, J. S. E. Bangs and John Sutton brought this suit in equity against the directors of Special School District No. 65 in Logan County, to enjoin them from charging tuition under the provisions of Act 553, Acts of the General Assembly of the State of Arkansas at its regular session in 1919.

The defendants filed an answer in which they alleged that for the lack of public funds they did not maintain a free school for any grade higher than the eighth grade and that they only charged tuition for pupils in the high school grades, which they claimed they had a right to do under the act in question.

The court sustained a demurrer to the answer of the defendants, and, the defendants declining to plead further, it was decreed that the temporary injunction should be made perpetual. The defendants have appealed.

Section 1 of the act under which the defendants acted reads as follows:

"When, in the discretion of the school board of Special School District No. 65 of Booneville, Arkansas, it is deemed necessary to charge tuition, the said school board is hereby authorized and empowered to charge such tuition as to such board seems necessary and proper." Special Acts of 1919, page 720.

The court below held that the act was unconstitutional, and we think the court was right in so holding. Article 14, Section 1 of the Constitution of 1874, reads as follows:

"Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free schools, whereby all persons in the State between the ages of six and twenty-one years may receive gratuitous instruction."

Section 2 provides that no money or property belonging to the public school fund shall be used for any other purpose.

Section 3 provides that the General Assembly shall pass general laws for the support of common schools by taxes and fixes the rate.

Section 4 provides that the supervision of public schools and the execution of the laws regulating the same shall be vested in such officers as may be provided by the General Assembly.

In obedience to these constitutional provisions the Legislature has provided by law for a general and uniform system of common schools where tuition shall be without charge and equally open to all pupils within the prescribed ages. As said in *Maddox* v. *Neal*, 45 Ark. 121, a wide range of discretion is vested in the board of directors of the public schools by our statutes in the matter of the government and details of conducting the common schools, but in the nature of things there is a limit to this discretion.

The court further said that some positive and imperative duties are imposed upon them about which they have no discretion. As we have already seen, under the plain mandate of our Constitution above quoted and referred to, the gratuitous instruction of all persons in the school district between the ages of six and twenty-one years is guaranteed in the public schools. The terms "public schools" or "common schools" are used in our Constitution to denote that such schools are open to all persons within the approved ages rather than to indicate the grade of a school, or what may or may not be taught therein. There is a great difference in the extent of edu-

cation that may be, and often is, taught in our common or public schools. This subject is confided to the care and discretion of the directors, and in the exercise thereof they may establish and maintain grades in the public schools. In the exercise of this discretion the Legislature may provide for high schools as well as the lower grades. In this State a high school is one in which higher branches of learning are taught than in one that is usually called a common school; but the term common school as used in our Constitution denotes a high school as well as one in which the lower grades are taught. This was recognized in *Dickinson* v. *Edmondson,* 120 Ark. 80, where the court said:

"There is a constant effort to raise the standard of education, and, happily for the people of our State, the effort has not failed to meet with a considerable measure of success. The establishment of high schools is within the limits of common school education, because it merely raises the standard of popular education. High schools are free schools within the meaning of the Constitution, and also common schools within the meaning of that term as used."

If they did not have sufficient funds, the directors had the authority to limit the common school to the lower grades; but the Legislature, under our Constitution, could not vest the directors with the power to establish a high school and charge tuition therefor. It could only vest the directors with power to control and manage the common schools and could vest them with authority to establish schools of lower grades and also high schools which might be free to all persons between the ages of six and twenty-one years; but it could not give the directors power to charge tuition either in the lower grades or in the high school to persons who were entitled to tuition free. There is a conflict in the case wherein the right of a public school to exact an incidental fee from students has been discussed. But we have been cited to no case in which under a Constitution like ours it has been held that

the Legislature might give the directors of the public schools the discretion to charge tuition either in a high school or the lower grades.

We are therefore of the opinion that the act under consideration is unconstitutional and void.

It follows that the decree must be affirmed.

McCULLOCH, C. J., dissents.