BURROW *v.* POCAHONTAS SCHOOL DISTRICT NO. 19.

4-3762

Opinion delivered March 11, 1935.

*George H. Steimel,* for appellant.

*M. A. Kellett* and *George M. Booth,* for appellees.

McHANEY, J. Appellant is a resident and taxpayer of appellee school district and is a patron of the school therein. On February 4, 1933, the directors of said district held a meeting and employed a superintendent and teachers to teach the school in said district for a period of six months during the 1933-1934 school year, which term expired March 12, 1934. At the same time the directors passed a resolution authorizing the teachers to operate a subscription school in the school building, giving them the use of the school equipment. On March 7, 1934, the board authorized its president to prepare and exe-

cute a lease contract with the teachers for the use of the building and the equipment to teach a subscription school for two months starting March 12, 1934. There was some agreement or understanding between the board and the teachers as to what tuition should be charged by the teachers for the subscription school, but the board had nothing to do with the collection of the money and received no part of the tuition so charged. The six months' free school ended March 12, 1934, and it was found that the district had exhausted its funds and was unable to continue to operate a free public school after said date because of the lack of funds. The teachers had made some arrangement with the Department of Education whereby the two months' tuition school could be used to supplement the six months' free school in maintaining an "A" grade rating. The pupils were advised by the teachers that, unless they attended the two months' subscription term, full term credit and promotion certificates would not be granted.

Appellant has two children of school age, and the tuition charge for these two children was $10 per month or a total of $20. He declined to pay the tuition fees demanded, and on March 14, 1934, brought this suit to enjoin or restrain the school board, the district and the teachers from charging and collecting the tuition fee of $20 for the two months school and that his children be permitted to attend the school without the payment of tuition. Application was made for a temporary restraining order, which was denied; but the court ordered that the appellant should, if he desired, deposit the sum of $20 in the registry of the court, covering the tuition charge for his children who should be permitted to attend school, and same should be returned to him in the event his prayer for a permanent restraining order should be sustained. This was done by appellant, and thereafter certain relief was received from the Federal Government and $10 of the amount of the deposit was returned to him. Thereafter, on June 6, 1934, the petition for a permanent restraining order was denied, appellant's complaint was dismissed as being without equity, and this appeal followed.

Whether the question presented is moot, we prefer not to decide. The only question left for determination is, did the board have authority to let the school building and equipment to the teachers for the purpose of operating a tuition school after the expiration of the free school? We must answer this question in the affirmative. Section 174 of act 169 of 1931 authorizes directors to permit the use of the public schoolhouse for any community purpose. Certainly the conducting of a tuition school at which all the school children in the district were permitted to attend for a small consideration cannot be said not to be a community purpose. It is well known that during the last few years many school districts in the State have been without funds to operate a free public school for any considerable period of time, or for any time at all. If the directors should be without the authority to permit the operation of a tuition school, the children of such districts would be deprived of school privileges entirely or receive school privileges for such short periods of time as really to accomplish very little good.

Appellant cites and relies on the case of *Special School Dist. No. 65 of Logan County* v. *Bangs,* 144 Ark. 34, 221 S. W. 1060. This case decided that Special Acts 1919, No. 553, § 1, empowering the board of Special School District No. 65 to charge such tuition as to such board seems necessary and proper, is unconstitutional, as violating § 1-4, art. 14, of the Constitution, providing for a system of free public schools. We think this decision has no bearing upon the question now before us, as the board here is making no charge for tuition, nor is it collecting the tuition so charged. It has simply let the school property to the teachers, and they themselves are conducting the school and collecting the tuition. There is some evidence that the school board paid for janitor service, light, heat, and water out of the funds of the district for the two months' term. The evidence shows that the janitor was hired by the year, and that the expense for the other items was nominal.

We find no error, and the decree is accordingly affirmed.

JOHNSON, C.J., dissents.