Paul COZAD *v.* STATE of Arkansas

CR 90-21                                        792 S.W.2d 606

Supreme Court of Arkansas
Opinion delivered July 16, 1990
[Rehearing denied September 10, 1990.]

*Jeff Rosenzweig*, for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y

Gen., for appellee.

TOM GLAZE, Justice. Appellant was charged under the rape statute, Ark. Code Ann. § 5-14-103 (1987), with engaging in deviate sexual activity with a person under fourteen years of age. The victim is the daughter of Cathy Lewellyn, who held herself out to be Cozad's wife at the time of the crime. Appellant was convicted of rape and sentenced as a habitual offender to forty years imprisonment.

In his appeal, the appellant argues that the trial court erred in overruling his asserted privilege under Ark. Code Ann. § 17-39-107 (1987) involving a conversation he had with a certified licensed social worker. The trial court ruled that, pursuant to Ark. Code Ann. § 12-12-511 (Supp. 1989), the social worker could testify about her conversation with the appellant. In addition, the appellant argues that the trial court erred in not ruling that A.R.Cr.P. Rule 36.4 is unconstitutional. We find no error and therefore affirm.

Since the appellant does not challenge the sufficiency of the evidence, only the following information is needed in resolving the privilege issue he argues on appeal. On the evening of Friday, August 19, 1988, Cathy Lewellyn said that she came home early from work and discovered that a sexual movie was being played on the television and her thirteen-year-old daughter was performing oral sex on the appellant. Mrs. Lewellyn testified that, shortly after she discovered the appellant with her daughter; the appellant called someone on the phone, and told that person that "he needed help, that that wasn't what normal people do."

The following Monday, the appellant and Mrs. Lewellyn went to see Gwyn Price-Pickard, a social worker at Professional Counseling Associates. At trial, Ms. Price-Pickard testified that the appellant told her that he was in a stupor or unconscious condition that Friday evening and that prior to, and at, the time his wife walked in, he was not aware of what was taking place. This testimony was admitted into evidence over appellant's strenuous objections that it was a privileged communication. The appellant's defense at the trial was that he was in Oklahoma working at the time the crime was alleged to have been committed. The appellant conceded that on the following Monday, he did take Mrs. Lewellyn to "her" appointment with Ms. Price-

Pickard, but when asked, he told the social worker that he had no knowledge of the episode Mrs. Lewellyn claimed occurred on the prior Friday.

In the appellant's first issue, we are asked to address the conflict, if any, between Ark. Code Ann. §§ 12-12-511 and 17-39-107. Below and on appeal, the appellant argues that, under the terms of § 17-39-107, his conversation with the social worker is privileged. This privilege is contained in the Social Work Licensing Act, Act 791 of 1981, and provides the following:

> *No licensed certified social worker,* licensed master social worker, or licensed social worker or his secretary, stenographer, or clerk *may disclose any information he may have acquired from persons consulting him in his professional capacity* to those persons. . . . (Emphasis supplied.)

The foregoing provision continues to list four exceptions where the information would not be privileged, but none are applicable here.[1]

The state argued successfully below that § 12-12-511 was in existence when § 17-39-107 was enacted, and specifically provides that no privilege exists "at any proceeding" involving the sexual abuse of children. Section 12-12-511 is part of the Child Abuse Reporting Act, Act 397 of 1975, and provides as follows:

> Any provision of the Arkansas Uniform Rules of Evidence notwithstanding, *any privilege* between husband and wife or *between any professional person,* except lawyer and client *including,* but not limited to, physicians, ministers, *counselors,* hospitals, clinics, day care centers, and schools *and their clients shall not constitute grounds for excluding evidence at any proceeding regarding child abuse, sexual abuse, or neglect of child or the cause thereof.* (Emphasis supplied.)[2]

---

[1] We note the state's inference that the exception in § 17-39-107(2) would apply here. This exception applies when the communication reveals the contemplation of a crime or harmful act. There is no showing in the record that the appellant revealed plans for a future crime or harmful act to the social worker, so this exception clearly would not apply.

[2] This provision was later amended by Act 421 of 1989 which added an exception for the privilege between a person confessing to or being counseled by a minister except in

The appellant argues that § 12-12-511 was intended to apply only to civil, and not criminal proceedings. We disagree.

■ A primary rule in statutory construction is to ascertain and give effect to the intent of the General Assembly and this intent is obtained by considering the entire act. *Henderson* v. *Russell,* 267 Ark. 140, 589 S.W.2d 565 (1979). In determining the legislature's intent in passing § 12-12-511, we must look at other parts of the Child Abuse Reporting Act. *See State* v. *Brown,* 283 Ark. 304, 675 S.W.2d 822 (1984). To begin with, we look at the Act's purpose which provides the following:

> It is the purpose of this subchapter, through the use of complete reporting of child abuse, to protect the best interests of the child, to prevent further harm to the child, to stabilize home environment, to preserve family life, and to encourage cooperation among the states in dealing with child abuse.

Next, we note that "sexual activity" is defined by the Act as any act of deviate sexual activity, sexual intercourse, or contact as set out and defined in the Arkansas Criminal Code and its amendments. The Act also mandates that written reports concerning instances or allegations of child abuse, sexual abuse and neglect be given to the prosecuting attorney's office and appropriate law enforcement agency. Ark. Code Ann. § 12-12-507(c) (Supp. 1989); *see also* Ark. Code Ann. § 12-12-508(f) (Supp. 1989). Furthermore, § 12-12-507(d) (Supp. 1989) provides that a written report from persons or officials required by this Act shall be admissible in evidence in "any proceeding" relating to child abuse, sexual abuse or neglect.

In the same Act, §12-12-513 by its language applies to only dependency or neglect cases. That provision allows for a court ordered examination by a physician, psychologist, or psychiatrist of the parents or custodian after a finding of dependency or neglect. The information obtained from the court ordered examination is excluded from use in any subsequent criminal proceedings against the person or custodian concerning the abuse or nonaccidental injury of the child. Ark. Code Ann. § 12-12-

dependent/neglect cases or child custody cases.

513(c).

On the other hand, notably missing from § 12-12-511, and from 12-12-507, is language providing an exclusion of such information from use in criminal proceedings. Unlike § 12-12-513, § 12-12-511 contains no limiting language to its use in criminal proceedings, but instead uses the term, "any proceeding." Also, it does not concern court ordered examinations. In addition, a reading of § 12-12-510, which provides that a person who in good faith makes a report of child abuse shall be immune from civil or criminal liability, shows that the legislature was contemplating criminal as well as civil proceedings.

While this court has never addressed this issue before, we have previously indicated that the Child Abuse Reporting Act applied to criminal proceedings. *See Poyner* v. *State,* 288 Ark. 402, 705 S.W.2d 882 (1986). The appellant, in *Poyner,* was appealing from a conviction of two counts of rape and two counts of incest involving his son and daughter. In this case, we suggested that statements made by the children to the witnesses would be admissible under A.R.E. 803(25)(A) and Ark. Code Ann. § 12-12-507(d) and 12-12-511.

Further, the rules of statutory construction applied to conflicting provisions do not mandate a different result. We have held that a general statute does not apply when there is a specific statute covering a particular subject matter. *Cogburn* v. *State,* 292 Ark. 564, 732 S.W.2d 807 (1987). Here, § 17-39-107 provides a general privilege for a person consulting with a social worker in his or her professional capacity. But, § 12-12-511 is a specific statute that applies an exception when dealing with proceedings regarding child abuse, sexual abuse or neglect of a child. In addition, we have often stated that it will be presumed that the legislature intended to use words in their usual and natural meanings. *Simmons First National Bank* v. *Abbott,* 288 Ark. 304, 705 S.W.2d 3 (1986). Thus, "any proceedings" regarding sexual abuse of a child should include a criminal prosecution for rape.

In the appellant's second issue, he argues that the trial court erred in not ruling A.R.Cr.P. Rule 36.4 unconstitutional. Rule 36.4 was enacted after A.R.Cr.P. Rule 37 was abolished; it provides for a defendant to make his or her argument regarding

ineffective assistance of counsel on direct appeal. Specifically, the appellant contends that he would be prejudiced by having this court consider his ineffective assistance of counsel claim with his arguments on the merits of his case on appeal. While the appellant had a hearing below pursuant to Rule 36.4, the appellant did not argue his case for ineffective assistance of counsel. Instead, he handed a sealed envelope to the trial judge which contained the proffered testimony of the appellant's former attorney, rather than requesting an in camera hearing on these matters under A.R.Cr.P. Rule 19.6. Appellant presented no evidence or testimony to the court below, and we are unable to consider evidence for the first time on appeal.

We first note that the appellant has cited the court no authority to support his contention that the procedure of Rule 36.4 is unconstitutional. *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977). It is well settled that the party challenging the statute has the burden of proving that it is unconstitutional. *Dutton* v. *State,* 299 Ark. 503, 774 S.W.2d 830 (1989). Secondly, since the appellant did not argue his ineffective assistance claim below, we cannot address his Rule 36.4 arguments on appeal. As we have repeatedly stated, we do not issue advisory opinions.

For the reasons stated above, we affirm.

NEWBERN and PRICE, JJ., dissent.

DALE PRICE, Justice, dissenting. I respectfully dissent. The appellant argues that Ark. Code Ann. § 12-12-511 (Supp. 1989) was intended to apply only to civil proceedings, not criminal proceedings, and I agree.

The state argues that the broad privilege provided in Ark. Code Ann. § 17-39-107 (1987) is limited by the earlier enactment of § 12-12-511 and that, under § 12-12-511, no privilege exists at any proceeding when evidence involves child abuse, sexual abuse, or neglect of a child. However, when examining § 12-12-511 in light of the other provisions contained in the Child Abuse Reporting Act, it is clear that the "proceeding" to which § 12-12-511 directs itself is one for dependency or neglect, not a criminal proceeding. Section 12-12-513 (a)(1), for example, provides that the court, when it makes a finding of dependency or neglect, may order, on its own motion or one by a guardian ad litem, the

examination by a physician, psychologist, or psychiatrist of any parent or other person responsible for the care of the juvenile at the time of the alleged abuse, sexual abuse or neglect. Clearly § 12-12-513, by its own terms, refers to a civil dependency/ neglect proceeding, not a criminal one. In addition, § 12-12-513(c) specifically excludes any evidence acquired from the court ordered examination from use against the parent or person in any subsequent criminal proceeding.

Other statutory provisions of the Child Abuse Reporting Act also appear to involve civil juvenile proceedings. For example, § 12-12-501 sets forth the purposes of the Act and in doing so alludes not only to the Act's intent to prevent further harm to the child, but also to the Act's intent to stabilize the home environment and preserve family life. The Department of Human Services, upon receiving reports of abuse, is required to initiate an investigation of any suspected child abuse or neglect, see § 12-12-507, and, where necessary, the juvenile court is required to order the parents or persons responsible for the care of the child to allow the investigating agency to enter the child's residence for interviews, examinations, and investigations. See § 12-12-508.

Reports made under the Act, including those reports and information possessed by the Department of Human Services, are confidential and can only be disclosed for the six purposes listed under § 12-12-515. In reading those purposes, no mention is made of criminal proceedings. To the contrary, the focus of those limited disclosures is primarily directed at the administration of plans or programs involving the child. In this regard, § 12-12-515(a)(3) allows disclosure of child abuse or neglect reports to be used in a *civil* proceeding connected with the administration of a plan or program where the court determines that information is necessary for the determination of an issue before the court.

The Child Abuse Reporting Act fosters the reporting of suspected child abuse and neglect. At the same time, the Act encourages or mandates all parents or custodians of the child to participate in any required investigation and juvenile court proceeding that ensues. To achieve such participation, § 12-12-511 provides that evidence or confessions resulting from counseling between the person accused of child abuse or neglect and any professional person shall not be excluded from the proceeding. If,

as the state suggests, such evidence can later be used in a criminal proceeding against the accused person, that person is unlikely to participate in any plan or program designed by the Department of Human Services or adopted by the juvenile court to protect the child, preserve the family and stabilize the home environment.

For the reasons given, I believe that, while information gathered by professional persons from parents or custodians of children can be used in a dependency or neglect proceeding before a juvenile court, the General Assembly, by its enactment of the Child Abuse Reporting Act, did not intend to permit such information to be introduced against the parent or custodian in a criminal proceeding. Therefore, I would reverse and remand.

NEWBERN, J., joins in this dissent.