Ms. Diane Suitt Gilleland, Director Arkansas Department of Higher Education 1220 W. 3rd Street Little Rock, Arkansas 72201-1904
Dear Ms. Gilleland:
This is in response to your request for an opinion on whether A.C.A. § 25-17-211 applies to the Arkansas State Board of Higher Education.
It is my opinion that the statute above does apply to the members of the Arkansas Board of Higher Education, but that subsection (b) of that statute is, in all likelihood, unconstitutional under Amendment 33, § 4 of the Arkansas Constitution.
The statute in question provides in pertinent part as follows:
 (a) Any board or commission member who shall be absent from two (2) successive regular meetings shall be subject to removal from the board or commission in the event he shall fail to present to the Governor a satisfactory excuse for his absence. In that event, the unexcused absence shall constitute cause for removal.
 (b) Any board or commission member who shall be absent from three (3) successive regular meetings for any reason other than illness of the member, verified by a written sworn statement by his attending physician and entered in the minutes of the board or commission, shall thereby forfeit and vacate his membership on the board or commission. This forfeiture and vacancy shall be forthwith certified to the Governor or other appointing authority by the secretary of the board or commission, who shall fill the vacancy in the manner prescribed by law.
This office has previously opined that a portion of the subchapter in which this provision is found is applicable to boards or commissions other than those specifically enumerated in that subchapter, (A.C.A. § 25-17-201 et seq.). See Opinion No. 88-150, in which I concur (copy enclosed). That Opinion concluded that A.C.A. § 25-17-208, which then contained a requirement for quarterly meetings of honorary boards and commissions, applies to boards and commissions other than those enumerated in that subchapter.[1] Case law authority is cited in Opinion No. 88-150 for the proposition that Act 417 of 1947 (codified at A.C.A. §§ 25-17-204, 25-17-208, and25-17-211(a)), applies to boards and commissions other than those enumerated. See Walther v. McDonald, 243 Ark. 912,422 S.W.2d 854 (1968).[2] Because A.C.A. § 25-17-211(a) is a part of Act 417 of 1947, and because there is no provision in the statutes governing the Board of Higher Education which conflicts with this statute so as to be of paramount applicability, (seeWalther, supra), it is my opinion, in light of the court's language, that this statute is applicable to the Arkansas Board of Higher Education. It is my opinion, additionally, that subsection (b), which was added by Act 66 of 1961, because it amends provisions of the same act, is also applicable to the Board.
You indicate that your question has arisen due to 1991 legislation. Act 248 of 1991 amended A.C.A. § 25-17-208 to change the required quarterly meetings of honorary boards and commissions to semi-annual meetings. That act defines "honorary board or commission" as "any state board or commission whose members receive no compensation other than per diem or reimbursement of expenses." A.C.A. § 25-17-208(a)(2). This definition would appear to cover the members of the Arkansas State Board of Higher Education. Different 1991 legislation, however, retains the quarterly meeting requirement for the State Board of Higher Education. See Act 1244 of 1991, § 4, restating and retaining A.C.A. § 6-61-201(d)(1), a 1977 act. See note 1,supra. This act, (Act 1244) being the more specific as to the Board of Higher Education and also later in time (see Act 1244, § 43) controls. Brown Root, Inc. v. Hemstead County Sand Gravel, Inc., 767 F.2d 464 (8th Cir. 1985) and State v.Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969).
The Arkansas State Board of Higher Education is thus still required to meet at least quarterly, while many other honorary boards and commissions, by virtue of Act 248 of 1991, now must meet only semi-annually. Your question appears to be whether the members of the State Board of Higher Education, which is required to meet "twice as often as other honorary boards and commissions" is subject to the provisions of A.C.A. § 25-17-211 regarding removal or forfeiture upon the missing of two or three meetings. It is my opinion that the statute is applicable. When subsection (a) of this statute was enacted in 1947, (the provision about the missing of two meetings being cause for removal), meetings were required under that same act to be held bi-monthly. Act 75 of 1949 amended this provision to require quarterly meetings, and retained the provision about two missed meetings being cause for removal. Subsection (b) of A.C.A. § 25-17-211, (the provision about three missed meetings vacating the office), was added by Act 66 of 1961.
It is evident from this legislative history that the intention of the legislature was that members of boards which are required to meet quarterly (even bi-monthly under former law) are subject to removal for two unexcused missed meetings. This removal requirement has, since 1949, and until 1991, applied mainly to boards which meet quarterly. The fact that many honorary boards are now required to meet only semi-annually, does not, in my opinion, obviate the applicability of the statute to boards which are still, pursuant to separate legislation, required to meet quarterly. Because the primary rule of statutory construction is to determine the legislative intent, I cannot conclude that the Arkansas Board of Higher Education is exempt from the requirements of A.C.A § 25-17-211. See Cozad v. State,303 Ark. 137, 792 S.W.2d 606 (1990).
It is my opinion, however, that subsection (b) of A.C.A §25-17-211 is constitutionally suspect under Amendment 33 to the Arkansas Constitution, which provides in Section 4 as follows:
 The Governor shall have the power to remove any member of such boards or commissions before the expiration of his term for cause only, after notice and a hearing. Such removal shall become effective only when approved in writing by a majority of the total number of the board or commission, but without a vote by the member removed or by his successor, which action shall be filed with the Secretary of State together with a complete record of the proceedings at the hearing.
This provision is applicable to the Arkansas Board of Higher Education and provides that only the Governor can remove a board member for cause, and then only with the approval of a majority of the remaining board members. It provides for notice and a hearing, and an appeals process (in a paragraph not quoted above).
Although subsection (a) of A.C.A. § 25-17-211, in my opinion, does not appear to offend this constitutional provision, as it only provides what conduct shall be considered cause by the Governor, subsection (b) provides for forfeiture and vacation of the office after three successive missed meetings (not due to illness) and does not provide for any action of the Governor in declaring cause, or removing the member, or for a vote of the remaining board members, or for notice and a hearing, or for an appeal procedure. It is therefore my opinion that subsection (b) of A.C.A. § 25-17-211 to this extent, is unconstitutional under Amendment 33 to the Arkansas Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Additionally, the Arkansas Board of Higher Education was at that time, and still is, required to meet quarterly under the provisions of A.C.A. § 6-61-201(d)(1).
[2] In Walther, the Supreme Court held that Act 417 of 1947 was not applicable to the Public Service Commission. At issue was the method of appointment of the Commission members. The Court held that the Public Service Commission was not an "honorary board," and thus the act was inapplicable. It also held that because there was language in the statutes governing the method of appointment of Public Service Commission members, this was the controlling statute. The court nevertheless noted that "[i]t is common knowledge of which we take judicial notice that since 1943 many honorary boards and commissions have been established which are in no way related to, or of the nature of, the ones [enumerated], and which may be subject to the provisions of Act 417." Id. at 916.