The Honorable Charlie Cole Chaffin State Senator 12180 Interstate 30 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion concerning the uniform grading scale adopted in Act 1070 of 1991 (codified at A.C.A. §§ 6-15-901 and 6-15-902 (Cum. Supp. 1991)). Your specific question is as follows:
 Does Act 1070 of 1991 apply to elementary schools as well as to secondary schools since it specifies the grading scale shall be used by all public schools in the state?
It is my opinion that the answer to your question is "no." Act 1070 of 1991 was, in all likelihood, intended by the General Assembly to be made applicable only to secondary schools and not to elementary schools.
Ark. Code Ann. § 6-15-902 (Cum. Supp. 1991) states:
 (a) The following grading scale shall be used by all public schools in the state, for all courses, except advanced placement, offered:
(1) A = 93-100;
(2) B = 83-92;
(3) C = 70-82;
(4) D = 60-69; and
(5) F = 59 and below.
 (b) Each letter grade shall be given a numeric value for the purpose of determining grade average. Except for advanced placement courses and honors courses, the numeric value for each letter grade shall be:
(1) A = 4 points;
(2) B = 3 points;
(3) C = 2 points;
(4) D = 1 point; and
(5) F = 0 points.
 (c) The State Board of Education shall adopt appropriate equivalents for advanced placement and college courses and shall recommend a uniform grading structure for honors courses.
 (d) A notation shall be made on a student's transcript to indicate each special education class included on the transcript.
Although the language of the statute would seem to indicate that both elementary and secondary schools are drawn within the ambit of "all public schools," it is my opinion that it is unlikely that such a result was intended by the General Assembly. The primary rule of statutory construction is to give effect to the legislative intent. Cozad v. State, 303 Ark. 137,792 S.W.2d 606 (1990). Established rules of statutory construction also dictate, however, that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Wilcox v. Safley Constr. Co., 298 Ark. 159,766 S.W.2d 12 (1989).
While the term "public schools" is generally thought to include grades kindergarten through twelve (see Special SchoolDistrict No. 65 v. Bangs, 144 Ark. 34 (1920)), the legislature's use of the phrase "for all courses" in § 16-15-902(a) may be indicative of its intent that the act apply only to students in upper level grades and may thus lead to an ambiguity in construing the statute. Students in lower level grades, although they study distinct subjects, generally are not enrolled in individual "courses" per se, but instead pursue only a general curriculum of studies with a minimal changing of classrooms or instructors throughout the day. In sum, while the plain language of the statute may seem to apply to all grades, other provisions of the act indicate a contrary intent. The statute refers to "advanced placement," "honors courses," and "college courses." In light of this language, I find it difficult to believe that it was the intent of the legislature to apply the uniform grading scale to students in the early elementary grades. The act was, in all likelihood, intended to be applied only to those in secondary schools. If, however, the issue continues to be problematic, this may be a case where legislative clarification is indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh