The Honorable Cliff Hoofman State Senator State Capitol Little Rock, AR 72201
Dear Senator Hoofman:
This is in response to your request for an opinion on the following questions regarding the Maumelle Suburban Improvement District No. 500 ("MSID No. 500"):
 1. Would the appointment of a member of the City of Maumelle Board of Directors to the position of Commissioner on the Board of Commissioners of MSID No. 500 violate Article 19, § 6 of the Arkansas Constitution which prohibits a person from holding or performing duties of more than one office in the same department of government at the same time?
 2. Are the individual commissioners of the Board of Commissioners of MSID No. 500 required to file financial disclosure statements pursuant to Act No. 326 of 1991?
It is my opinion that the answer to your first question is "no." Article 19, Section 6 of the Arkansas Constitution has been interpreted to apply to state offices only. Peterson v.Culpepper, 72 Ark. 230, 79 S.W. 783 (1906); State ex rel.Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). Although this interpretation was called into question in Marshall v.Holland, 168 Ark. 449, 270 S.W. 609 (1925), the cases regarding municipal offices as not included within Art. 19, § 6 have not been overruled. Thus, municipal officers do not, under current case law, generally fall within the constitutional dual-office holding prohibition.
It is also significant to note in this regard that the General Assembly has specifically designated the board of directors under the city administrator form of government as the board of commissioners for any improvement district existing or created in the city. See A.C.A. § 14-48-131 (1987).[1] This provision is presumed constitutional (see generally Cozad v.State, 303 Ark. 137, 792 S.W.2d 606 (1990)), and arguably reflects the General Assembly's view of Art. 19, § 6. Legislative interpretation of constitutional provisions, while never binding on the courts, is persuasive in case of any doubt or ambiguity.See generally Mears v. Hall, 263 Ark. 827, 569 S.W.2d 91
(1978). This legislatively authorized dual service, while not specifically applicable in the city manager form of government context, at least reflects the General Assembly's view that such service is not prohibited by Art. 19, § 6.
It is my opinion that the answer to your second question is also "no." Act 326 of 1991 is codified at A.C.A. §§ 21-8-305—309 (Cum. Supp. 1991). Section 21-8-305 designates those who are subject to the filing requirements, and states:
 The following persons shall file a written statement required pursuant to this subchapter within the time specified in § 21-8-306.
 1) All persons who are elected members of a school board or who are candidates for a position on a school board; and
 2) Any person appointed to one (1) of the following types of municipal or county boards or commissions:
a) A planning board or commission;
b) An airport board or commission;
c) A water or sewer board or commission;
d) A utility board or commission; and
e) A civil service commission.
It is my understanding that MSID No. 500 was formed as a suburban improvement district. The body of law governing suburban improvement districts is set forth under A.C.A. §§ 14-92-201—239 (1987 and Cum. Supp. 1991). See also subchapters 3-6 of chapter 92 of Title 14. The commissioners of suburban improvement districts are elected by the owners of realty within the boundaries of the district. A.C.A. § 14-92-204 (1987). The purposes for which such districts may be formed are set forth under A.C.A. § 14-92-219 (1987). It is my opinion that the board of commissioners of a suburban improvement district does not fall within the type of municipal or county boards or commissions enumerated in § 21-8-305.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Subsection (a)(1) of § 14-48-131 states that the board of directors "shall constitute the respective boards of improvement for any and all improvement districts existing or created in any city operating under [the city administrator form of government]. . . ." The board of directors may, however, in lieu of serving as the board of commissioners of an improvement district, appoint three electors of the city to act as commissioners. A.C.A. § 14-48-131(d)(1)(A).