The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, AR 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion regarding expenditures from a particular court costs fund. You note that the Garland County Quorum Court has levied additional court costs for personnel and equipment for the 18th Judicial Circuit-East, pursuant to Act 33 of the Third Extraordinary Session of 1988, which is codified at A.C.A. § 14-20-115 (Cum. Supp. 1993). You have asked the following question regarding the use of these funds:
 1. Can court costs funds, levied pursuant to this Act, be used to purchase professional liability insurance for the judges in the 18th Judicial Circuit-East?
 2. Can court costs funds, levied pursuant to this Act, be used to pay for the costs of utilities (electricity, gas, water) for the building that is used exclusively to provide quarters and office space for the staff of the Circuit-Chancery Court/Juvenile Division?
In response to your first question, if the Quorum Court determines that this is a "reasonable and necessary" cost, it is my opinion that the answer is "yes." Because this requires a review of the particular facts and circumstances surrounding the inquiry, I cannot, in the context of an Attorney General opinion, make this determination.
Subsection (a) of § 14-20-115 states that the quorum court of any county with a population over 65,000 may provide for a fund[1] "to be used for the sole purpose of paying reasonable and necessary costs incurred in the establishment and maintenance of court personnel and equipment. . . ." Expenditures from the fund are to be made "in the manner and amounts prescribed by the quorum court. . . ." A.C.A. § 14-20-115(c).
It thus appears that the quorum court has been vested with authority to determine those costs that are "reasonable and necessary" in the "establishment and maintenance of court personnel. . . ." I cannot state that the purchase of liability insurance is per se an unreasonable or unnecessary cost. Neither can I conclude, however, that this is necessarily an authorized cost. Rather, this is a determination to be made by the Quorum Court, perhaps with the advice of its local counsel, following a review of the attendant circumstances.
With regard to your second question, it is my opinion that the costs of utilities are in all likelihood included within those "reasonable and necessary costs incurred in the establishment and maintenance of court personnel and equipment."
It is well-established that the primary rule in construing legislative enactments is to ascertain and give effect to the intent of the legislature from the language used in the statute.Arkansas State Highway Commission v. Mabry, 229 Ark. 261,315 S.W.2d 900 (1958). The intent is obtained by considering the entire act (Cozad v. State, 303 Ark. 137, 792 S.W.2d 606
(1990)); and where legislative intent is clear from the words used, there is no room for construction or interpretation. Vaultv. Adkisson, 254 Ark. 75, 491 S.W.2d 609 (1973).
Applying the above precepts, it is my opinion that the cost of utilities would in all likelihood be deemed a "necessary [cost] incurred in the . . . maintenance of court personnel and equipment. . . ." The Arkansas Supreme Court has stated that "[m]aintenance is rather a broad term." Neal v. City ofMorrilton, 192 Ark. 450, 453, 92 S.W.2d 208 (1936). Black's LawDictionary defines "maintenance" as "[a]ct of maintaining, keeping up, supporting. . . ." Black's (5th ed. 1979) at 859. It may reasonably be concluded that utilities are part of the costs that are necessary in order to keep up and support court personnel and equipment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The fund is to be comprised of a "reasonable fee" taxed as costs in each matter filed in circuit, chancery, or probate court. A.C.A. § 14-20-115(b). The fee is established by the quorum court.