The Honorable Charlotte T. Schexnayder State Representative P.O. Box 220 Dumas, AR 71639-0220
Dear Representative Schexnayder:
This is in response to your request for an opinion on several questions regarding Act 767 of 1997 ("the Act"), which is entitled "An Act Concerning Compensation by Persons Holding More Than One Elective Office. . . ." Section 1(a) of the Act states:
 A person holding more than one (1) elective office shall be entitled to receive compensation from only one (1) of the offices held. The person shall select the office from which he or she may receive compensation. The person shall select the office by filing a statement with the Secretary of State and the disbursing officer of each governmental entity in which he or she holds an elective office.
Your specific questions are as follows:
1) Is this act constitutional?
 2) Is it retroactive? Does it apply to those chosen in the last elective cycle or does it apply when they are re-elected?
 3) Is it possible for a person to hold elective city office and serve on the quorum court and to be paid for both?
With regard to your first question concerning the Act's constitutionality, you have set forth no specific basis for a constitutional challenge. The Act is, of course, presumed constitutional and the party challenging it will have the burden of rebutting that presumption. See generally Cozad v. State, 303 Ark. 137, 792 S.W.2d 606
(1990); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988). In the absence of some argument or citation of authority suggesting otherwise, therefore, it is my opinion that the Act is constitutional. See also Op. Att'y Gen. 97-056, copy enclosed (concluding that H.B. 1631, now Act 767 of 1997, is constitutional).
It is my opinion, in response to your second question, that the Act applies to those who, on the Act's effective date (August 1, 1997), hold more than one "elective office" as defined therein. This conclusion is compelled by the clear language of Section 1.(a), supra, wherein it states that "[a] person holding more than one (1) elective office shall be entitled to receive compensation from only one (1) of the offices held." The Act is prospective in the sense that it applies, in my opinion, only to "compensation" (as defined therein) provided after the Act is effective. There is no indicator, in other words, that the Act is intended to impact prior compensation. Indeed, such an intent would have to be clearly expressed or necessarily implied from the Act, in accordance with the general presumption against retroactive application of legislative enactments. See generally Huffman v. Dawkins,273 Ark. 520, 622 S.W.2d 159 (1981) and Chism v. Phelps, 228 Ark. 936,311 S.W.2d 297 (1958).
It should perhaps be noted in this regard that the result might have been different had the Act stated that "a person elected to more than one office" shall be entitled to receive compensation from only one office. This probably would have raised the question whether the Act was intended to include offices held under prior elections. In the absence of an express declaration or necessary implication to that effect, such a retroactive application would be unlikely. In my opinion, however, there is no retroactivity issue or uncertainty concerning the Act's application under the language employed, which focuses upon the compensation of one "holding more than one (1) elective office. . . ."
In response to your third question concerning compensation for both an elective city office and service on a county quorum court, it is my opinion that Act 767 would prohibit such dual compensation. The Act defines "elective office" as "any office created by or under authority of the laws of the State of Arkansas, or of a subdivision thereof, that is filled by the voters, except a federal office." Acts 1997, No. 767, Section 1.(b)(2). The Act thus clearly applies at both the state and local levels.
In accordance with Section 1, supra, the statement selecting the office from which compensation is to be received must be filed "with the Secretary of State and the disbursing officer of each governmental entityin which he or she holds an elective office." (Emphasis added.) There is no suggestion, under this language, that the Act only applies if the offices are held at the same level of government. The plain language of the Act belies that assertion.
Assuming, therefore, that the particular dual office-holding in question is otherwise lawful, it is my opinion that Act 767 would prohibit the office holder from receiving compensation from both offices.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh