The Honorable David Beatty State Representative P.O. Box 640 Lewisville, Arkansas 71845-0640
Dear Representative Beatty:
This is in response to your request for an opinion on two questions regarding the constitutionality of a mandatory school uniform dress policy. You relate the following facts as the premise for your questions:
 On July 17, 1998, the Hope School District Board of Directors adopted a school uniform dress policy, which mandates specific styles, colors, and fabric choices in clothing for fifth and sixth grade students at Beryl Henry Upper Elementary School. The policy has no `opt out' provision, has a progressive discipline policy for student non-compliance, and became effective on the first day of classes, August 24, 1998. Although board policy provides that parents are responsible for the purchase of uniforms for their children, those parents who cannot afford the outright purchase of required uniforms can seek financial aid, limited to $75 and based upon family income, from a fund established by local business and administered by the school district.[1]
Your questions regarding these facts are as follows:
 (1) Does the implementation of a mandatory school uniform dress policy that requires expenditure of personal funds by parents of students enrolled in the Hope School District constitute a fee requirement for obtaining a public education in violation of the Arkansas Constitution, Art. 14, § 1?
 (2) Does providing funds to some patrons for purchasing school uniforms and not providing funds to others constitute an illegal exaction of taxes from those parents not provided funds?
In my opinion the answer to each of your questions is "no."
Article 14, Section 1 of the Arkansas Constitution provides in pertinent part as follows:
 Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education.
This provision has been held to prohibit the charging of any tuition for public education, or the levy of a "registration fee." Special SchoolDistrict No. 65 v. Bangs, 144 Ark. 34, 221 S.W.2d 1060 (1920); Dowell v.School District No. 1, 220 Ark. 828, 250 S.W.2d 127 (1952). I have, however, found no reported judicial decision from this state or any other specifically addressing the constitutionality of a uniform dress policy under a provision similar to Arkansas Constitution, art. 14, § 1. Seehowever, Sneed v. Greensboro City Board of Education, 299 N.C. 609,264 S.E.2d 106 (1980) (required provision of "gym uniforms" did not contravene constitutionally guaranteed right to free education); and Op. Att'y Gen. 96-0293 (Mississippi 1996) (imposition of uniform dress policy not violative of Mississippi Constitution).[2] Courts around the country appear to reach different results as to the charging of "incidental fees" depending upon the language of their individual constitutions or statutes and the facts at hand. See generally, 78A C.J.S. Schools and School Districts § 727. No Arkansas case has held art. 14, § 1 to prohibit the charging of "incidental fees" or payment for school supplies related to the provision of a free public education. In fact, in Bangs, supra, the charging of such fees was distinguished from the tuition at issue in that case. See 144 Ark. at 37 (stating "[t]here is a conflict in the case wherein the right of a public school to exact an incidental fee from students has been discussed. But we have been cited no case in which under a Constitution like ours it has been held that the Legislature might give the directors of the public schools the discretion to charge tuition").
As noted previously, Arkansas statutes contemplate the imposition of a uniform dress code. See A.C.A. § 6-18-102 (Supp. 1997) and n. 1, supra. I cannot conclude, based upon the authorities I have reviewed, that such a requirement would contravene the Arkansas Constitution. Acts of the legislature will be granted a presumption of constitutionality, and will only be struck down if their conflict with that document is clear and unmistakable. Stone v. State, 254 Ark. 1011, 498 S.W.2d 634 (1973). I cannot conclude that a uniform dress requirement clearly conflicts with the Arkansas Constitution's guarantee of "free public schools."
In response to your second question, it is my opinion that the provision of funds to some parents to assist in their purchase of uniforms does not result in an "illegal exaction" of taxes from those parents not provided funds. Quite to the contrary, the courts of some states have held that it is the assistance to indigent students itself which is constitutionally compelled. See, e.g., Sneed v. Greensboro City Board of Education,supra.
The "illegal exaction" provision of our constitution is found at art. 16, § 13, and it provides:
 Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.
This provision has been interpreted as encompassing two different kinds of exactions. One type seeks the prevention of a misapplication of public funds or the recovery of funds wrongly paid to a public official. The other involves a taxpayer who seeks to enjoin a government from taxing him. Pledger v. Featherlite Corporation, 308 Ark. 124, 823 S.W.2d 852, cert. denied, 506 U.S. 826 (1992). When a taxpayer seeks to enjoin the government from taxing him, the exaction itself must be alleged to be illegal. Id.
It does not appear, from the facts you have recited, that an expenditure of public funds is at issue, or that the school district is seeking to "tax" the parents for purposes of this provision. Again, in any event, if the "tax" itself is not illegal (and I have concluded above that in my opinion, this uniform dress requirement is not illegal) no "illegal exaction" suit will lie.
It is therefore my opinion that the answer to each of your questions is "no."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not indicated any particular procedure employed by the Hope School District in adopting its policy. One Arkansas statute is relevant to the adoption of a uniform dress policy in the public schools. Section 6-18-102 of the Arkansas Code (Supp. 1997) authorizes the board of directors of a local school district to create an advisory committee for the purpose of considering the implementation of a uniform dress code. A.C.A. § 6-18-102(b)(1). If the committee recommends the adoption of such a code, the board may refer the issue to a vote of the qualified electors of the district. A.C.A. § 6-18-102(b)(2). Nothing in this code section, however, is to be construed as requiring the adoption of such a policy, or the holding of an election on the issue. A.C.A. §6-18-102(c).
[2] Litigation involving the requiring of public school uniforms is currently pending in the State of Texas. See Lawrence et al. v. Board ofTrustees of Eagle Pass School Dist., et al., 98-10-15486CV (Val Verde County District Court (Tex. 1998), transferred 10/13/98 to federal district court (W.D. Texas). This litigation involves to some extent constitutional claims arising under the First Amendment to the United States Constitution. You have not inquired about any such issues, and consequently, they are not addressed herein.