4-8446                                    208 S. W. 2d 460

Opinion delivered February 23, 1948.

*Kenneth C. Coffelt,* for appellant.

*Ben M. McCray,* for appellee.

HOLT, J.    Appellees were police officers in Benton, Arkansas.    This suit was instituted against them by appellant, Herman H. Crouch, to recover damages for injuries alleged to have been sustained while appellees were arresting him and incarcerating him.

The substance of his complaint was that appellees, while arresting him at a time when he was in a drunken condition, and in taking him to jail, unnecessarily, willfully, maliciously and intentionally "struck, beat and kicked the plaintiff (appellant) several times with pistols and blackjacks, severely, painfully and permanently injuring him," etc.

The answer of appellees was a general denial. Trial resulted in a verdict for appellees and from the judgment is this appeal.

The appellees testified, in effect, that while on duty on Sunday, March 30, 1947, at about 11 p. m., they observed an automobile being operated by an intoxicated driver. Upon stopping the car they found it contained three men including appellant, all of whom were under the influence of liquor. Two of the occupants submitted to arrest, but appellant resisted and tried to escape. Appellant cursed and abused appellees, struggled and fought with them, tried to break away, and attacked them with a screwdriver. One of the appellees during the encounter and in trying to ward off appellant's attack, struck appellant with his fist and knocked him down, but appellant continued to resist, kicked one of the appellees in his stomach, and before he was subdued and submitted to arrest appellees struck him with a "blackjack" or "slapper."

Appellant was confined in jail and released the following morning. His injuries consisted of cuts and bruises and were not of a serious or permanent nature.

Mrs. Nell Johnson, cashier of a local theater, as she was leaving to return to her home, witnessed the encounter and gave testimony tending to corroborate appellees' version.

For reversal, appellant argues that the verdict was contrary to the law and evidence, that the court erred in giving certain instructions, in excusing Juror Green, and that Juror Mrs. Henry Kelley was disqualified to serve, and when questioned on her *voir dire* failed to disclose her disqualification, and that he should have a new trial for this reason.

The principles of law governing cases of this nature have been many times announced by this court. In *Elgin* v. *Talley,* 169 Ark. 662, 276 S. W. 591, 42 A. L. R. 1194, this court said: "We therefore hold that the force or violence which an officer may lawfully use to prevent the escape of a person arrested for a misdemeanor is no

greater than such as might have been rightfully employed to effect his arrest. In making the arrest or preventing the escape, the officer may exert such physical force as is necessary on the one hand to effect the arrest by overcoming the resistance he encounters, or on the other to subdue the efforts of the prisoner to escape; but he cannot in either case take the life of the accused, or even inflict upon him a great bodily harm except to save his own life or to prevent a like harm to himself.'' This principle was reaffirmed in *Whitlock* v. *Wood,* 193 Ark. 695, 101 S. W. 2d 950, 110 A. L. R. 955.

Appellant based his right to recover not on the negligence of appellees, but on the theory that in arresting appellant, on a misdemeanor charge, they used more force than was necessary or that they could rightfully use, which resulted in injuries and damages to appellant and that their acts were willful, malicious and intentional. He says in his brief ''the appellant elected to strike the negligence charge from the complaint and the case was submitted to the jury on the issue whether or not the alleged treatment of him by appellees was 'unnecessarily', willfully and maliciously done.''

Appellees, on the other hand, defended on the theory that they used no unnecessary force or violence when making the arrest, that they acted in good faith, without malice, and used only such force as was necessary to make the arrest and to protect themselves while doing so.

Both theories of the parties were fairly and fully submitted to the jury, in accordance with the rules of law announced in the above cases.

When all of the instructions are considered together, we find no error in those given by the court without modification nor in the giving of others after modification.

The court, in effect, told the jury that if they found from a preponderance of the evidence that appellees in arresting and incarcerating appellant unnecessarily, intentionally, willfully or maliciously injured him or used unnecessary force or violence in making the arrest or

incarceration and that as a result, appellant was injured, then he should recover. On the other hand, if they should find that appellees in making the arrest and incarceration used only such force as was necessary and acted in good faith and did not willfully or maliciously injure appellant, then they should find for appellees.

A question of fact was thus presented to the jury and there was substantial testimony upon which their verdict in favor of appellees was based.

The court did not err in excusing Juror Green. The record disclosed, just before the jury was selected: "Mr. McCray: The defendant objects to the juror Green and being forced to exercise one of his three challenges to eliminate the juror from this jury inasmuch as his son has a suit pending in this court of a similar nature to this one filed against Fred White, Chief of Police, the immediate superior of the defendant in this case. The Court: Mr. Green's name will be stricken. Mr. Coffelt: Save our exceptions."

The truth of the above statement of appellee's attorney was not challenged. Appellees were entitled to the services of a juror who was unprejudiced and unbiased. In passing on the qualifications of jurors, the trial court is accorded much latitude and discretion, and unless abused its action will not be disturbed. We find no abuse of discretion here.

Finally, appellant contends that the juror, Mrs. Henry Kelley, was disqualified to serve in that she was the landlord of one of the appellees and failed to disclose this disqualification on her *voir dire* (§ 3995, Pope's Digest, First Subdivision). We think this assignment without merit for the reason that Mrs. Kelley testified that she was not the landlord of either of the appellees, that neither rented from her and that she had had no dealings with either of the appellees at all.

Finding no error, the judgment is **affirmed**.