William PHILLIPS *v.* STATE of Arkansas

CR 95-96                                    900 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered June 19, 1995

*McArthur & Finkelstein,* by: *William C. McArthur,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant William Phillips was convicted of one count of rape and one count of sexual abuse in the first degree of his two adopted daughters, age eleven and seven at the time. Phillips was sentenced to life for rape and ten years for sexual abuse to run consecutively. He was also fined $10,000. On appeal, Phillips argues the trial court erred by refusing to exclude an inculpatory statement he gave the state police while he was in custody, and by allowing a state witness to testify during the sentencing phase in violation of the discovery rules.

At the time of his arrest, Phillips was a forty-six year old diabetic weighing close to four hundred pounds. Phillips also suffered from gout, high blood pressure, and nerve damage due to a previous employment injury. Phillips was taking various medications including: (1) vaseretic tablets, a combination diuretic and blood pressure reducer; (2) allopurinol for gout to reduce uric acid; (3) ibuprofen, an anti-inflammatory and analgesic agent, comparable to aspirin; (4) isosorbide, a vasodilator; and (5) Lasix, a diuretic. *Physician's Desk Reference* (49th ed., Medical Economics Data 1995). Within twenty-four hours after giving his inculpatory statement, Phillips was hospitalized with chest pains. Phillips claims to have suffered a stroke, but there is no medical evidence in the record to support his claim.

Approximately one hour after his incarceration in the Maumelle jail, Brenda Langrell, a sex-crime investigator with the Arkansas State Police, met with Phillips and read him his *Miranda* rights. Phillips indicated he understood, initialed the rights form after each right was read to him, and signed the form. Phillips did not request an attorney, and instead, gave an oral statement to Langrell in which he confessed to having fondled the girls' privates by using his finger.

Both at the *Denno* hearing and on appeal, Phillips argues his custodial statement was rendered inadmissible because of his medical condition at the time, and the fact that he was on medications which he contended made him "drowsy and absent-

minded sometimes." Phillips testified he remembered being in the Maumelle jail, meeting with Detective Langrell about a hour after being placed in the jail, and signing and initialing the *Miranda* form. However, Phillips claimed he did not recall reading the custodial statement even though the signature at the end looked like his. Further, Phillips stated he had "no specific recollection" of his interview with Langrell.

■■ The state has the burden of proving by a preponderance of the evidence that a custodial confession or inculpatory statement was given voluntarily, and was knowingly and intelligently made. And while this court makes an independent determination based on the totality of the circumstances, a trial court will not be reversed unless its determination is clearly erroneous. *McClendon* v. *State*, 316 Ark. 688, 875 S.W.2d 55 (1994); *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994). Whether an accused had sufficient mental capacity to waive his constitutional rights, or was too incapacitated due to drugs or alcohol to make an intelligent waiver is a question of fact for the trial court to resolve. *Id.* The fact that the accused might have been intoxicated at the time of his statement, alone, will not invalidate that statement, but will only go to the weight accorded it. *Id.*

■ This court has held that when the defendant claims intoxication at the time he waives his rights by making a statement, the test for an intelligent waiver is whether the individual had sufficient mental capacity to know what he was saying under the totality of the circumstances. *Midgett*, 316 Ark. 553, 873 S.W.2d 165. *See also U.S.* v. *Harden*, 480 F.2d 649 (8th Cir. 1973) (a confession made by a person under the influence of drugs is not per se involuntary). In *Midgett*, this court found it significant that the defendant answered questions without indications of physical or mental disabilities, remembered details of the interrogation, and gave the statement within a short period of time after his rights had been read to him. *Id.*

In the present case, Detective Langrell testified Phillips told her he had graduated from high school and had attended four years of college. Further, Langrell stated as follows:

> To the best of my ability, [Phillips] understood what we were talking about. He did not give any indication that he couldn't understand what he was reading. I took a state-

ment from him and I wrote the statement. He said he preferred that I write it. He signed it and dated it. . . .

I did not inquire of [Phillips] what his physical condition was. I was not aware that he was on a rather massive amounts (sic) of medication at the time I interviewed him. . . . He appeared to know what he was saying and doing. . . . He read the statement that I had prepared.

As already mentioned, Phillips remembered Langrell, recalled talking with her about an hour after he was placed in jail, and conceded having waived his *Miranda* rights. The only detail Phillips could not recall was having read the statement after Langrell recorded it. As previously mentioned, Phillips stated that the signature at the bottom of the statement looked like his.

■ While Phillips testified that his medication made him drowsy and absent-minded, there is no indication from the testimony by either Langrell or Phillips that he was not rational and able to exercise his free will at the time he gave the statement. Finally, no testimony was offered to support Phillips' contention that his medication, coupled with his subsequent chest pains, rendered him incompetent to knowingly and intelligently waive his constitutional rights. Based on the totality of the circumstances, the trial court was correct in refusing to suppress Phillips' statement.

Next, we consider Phillips' argument that the trial court erred in admitting a state witness's testimony. During an *in camera* hearing just prior to the sentencing phase at 4:30 p.m., Phillips' counsel complained to the trial court that, during the noon break, he was informed for the first time that the state intended to call Phillips' former stepdaughter, A.T., as a witness during the sentencing phase, even though the state had failed to give Phillips A.T.'s name in accordance with his continuing discovery request for such information. Phillips was A.T.'s stepfather from 1980 to 1983, when A.T. was ten years old. A.T. was allowed to testify that, during that three-year period, Phillips had fondled and raped her in a manner similar to that described by the prosecutor's witnesses in this case.

The trial court held the state did make proper discovery to Phillips' counsel by mailing a list which contained A.T.'s name.

However, the trial court also stated it believed counsel's statement that he did not recall having received the list.[1] Further, the trial court found the "court file" or "official file" showed A.T. had been served with a subpoena thirty-eight days before trial, and held that "[e]veryone is charged with knowledge of the items in the court file[.]" Finally, the trial court added, we think in error, that the state was not obligated to provide Phillips with a list of witnesses it intended to call during the sentencing phase. The trial court stated also that it was admitting A.T.'s testimony as character evidence.

Phillips does not appeal from the trial court's rulings that the state properly complied with discovery, that Phillips was charged with constructive knowledge of documents contained in the "court" or "official" file, or that A.T.'s similar-crime testimony was admissible. Instead, Phillips appeals only from the trial court's holding that the state is not obligated to comply with the rules of discovery in the sentencing phase of a bifurcated trial.

In *Hill* v. *State*, 318 Ark. 408, 887 S.W.2d 275 (1994), this court held that while a defendant could not appeal from a plea of guilty, he was not precluded from appealing from the sentencing or penalty phase for review of nonjurisdictional issues. In so holding, this court opined:

> More specifically, this departure from our previous holdings is premised in part on the fact that sentencing is now, in essence, *a trial in and of itself*, in which new evidence may be submitted.

*Id.* (emphasis added). The *Hill* court went on to hold that the rules of evidence applied to the sentencing phase, and that the evidence allowed under the bifurcated sentencing act did not conflict with the rules of evidence. *See* Ark. Code Ann. § 16-97-103 (Supp. 1993).

Ark. R. Crim. P. 17.1(a)(i) provides that the prosecutor

---

[1]Charlene James testified on behalf of the state that she sent the list to Phillips' counsel by regular mail without a cover letter, on or around the date the state's subpoenas were taken to the sheriff's office for service. The trial court found the court file indicated that the subpoena for A.T. was issued on August 9 and served on August 15, before the September 23 trial.

shall disclose to the defense, upon timely request, the names and addresses of persons whom the prosecutor intends to call as witnesses *"at any hearing or at trial."* (Emphasis added). While the bifurcated sentencing act provides procedures for the conduct of the sentencing phase whether before a jury or the court, §§ 16-97-101 and 16-97-102, there is nothing in the statutory language that prevents the rules of discovery from applying. Thus, we conclude the trial court erred in holding the rules of discovery are inapplicable to the sentencing phase of a bifurcated trial.

Even though that court may have erred in this respect, the fact remains the trial court found, and Phillips does not contest the finding, that the state complied with the rules of discovery by having mailed its list of witnesses to Phillips, albeit Phillips' counsel failed to receive it. Nor does Phillips challenge on appeal the trial court's ruling that A.T. had been served thirty-eight days prior to trial, that her subpoena was in the court file, and that Phillips was charged with such knowledge. While he also objected to the trial court's admission of A.T.'s testimony based on its substance, Phillips does not pursue that argument in this appeal. In sum, while he has the burden on appeal to do so, Phillips simply fails to demonstrate or argue trial error as to these significant findings. This court will not presume reversible error. *Gatlin* v. *State*, 320 Ark. 120, 895 S.W.2d 526 (1995); *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985). We affirm as modified.

Pursuant to Ark. Sup. Ct. R. 4-3(h), the state has reviewed the record, and found no other errors which would warrant reversal.

HOLT, C.J., not participating.