Mark BARNETT *v.* CITY of DARDANELLE

CA CR 96–538 938 S.W.2d 572

Court of Appeals of Arkansas
Division II
Opinion delivered March 5, 1997

*Young & Finley,* by: *Dale W. Finley,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Mark Barnett was convicted in municipal court of speeding and DWI. His *de novo* appeal to circuit court was dismissed for failure to proceed, when neither Barnett nor his attorney appeared at trial. On appeal, Barnett argues only that the circuit court erred in denying his motion to dismiss for failure to provide a speedy trial. The State contends that Barnett's case is not properly before this court because his appeal from municipal to circuit court was untimely filed. We agree with the State and hold that the circuit court lacked subject-matter jurisdiction because Barnett did not timely appeal his municipal court conviction, and for this reason affirm the trial court's dismissal of Barnett's appeal.

Mark Barnett was convicted in Yell County Municipal Court of speeding and DWI on August 10, 1994. His notice of appeal to Yell County Circuit Court was filed thirty-five days later on Wednesday, September 14, 1994. The State did not move to dismiss the appeal. Barnett's appeal was first dismissed for failure to appear for trial on August 15, 1995, but was reinstated by the trial court on October 3, 1995. Neither Barnett nor his attorney appeared when the case was next set for jury trial at 9:00 a.m. January 5, 1996. The trial court again dismissed Barnett's appeal for failure to prosecute and dismissed the jury. When Barnett's counsel later appeared approximately at 10:30 a.m., and sought a ruling on a speedy-trial motion filed the previous day, the trial court denied the motion, finding that it had not been timely presented because Barnett's appeal had already been dismissed.

Barnett's sole argument on appeal is that the trial court erred in calculating the time for speedy trial. He asserts, in essence, that the circuit court lacked jurisdiction to conduct trials and hearings after the time for speedy trial had run. However, we do not reach the merits of Barnett's argument for two reasons.

First, as the State has correctly noted in its argument, Barnett failed to file his notice of appeal from municipal court to circuit court within thirty days, as required by Arkansas Inferior Court Rule 9(a). The State further contends that the circuit court therefore lacked jurisdiction over Barnett's case. In his reply brief, Barnett argues that a notation entered by the municipal judge on his

municipal court docket sheet, which reads "To be paid or appealed by 9-14-94," extended his time to appeal beyond the thirty-day period allowed by Arkansas law. However, Barnett does not assert that he either sought or obtained an extension of time to file his notice of appeal, or otherwise explain why the docket entry is anything more than a deadline by which he was to pay his municipal court fine.

 Barnett provides no authority for his argument and we do not agree that his time to appeal is extended by the docket entry. In *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994), the supreme court affirmed the circuit court's dismissal of an appeal from municipal court for failure to file the record within thirty days of the municipal court judgment. Although Ottens argued that the State did not timely file its motion to dismiss, the court stated:

> [Appellant] asks us to excuse his failure to comply with Rule 9 because the State did not file the motion to dismiss until after the filing period had expired. He explains that because of the delay, he had begun preparation for trial. The argument overlooks the fact that when the time for filing an appeal is fixed by a rule or statute, the provision which limits the time is jurisdictional in nature. *See Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Searcy County v. Holder*, 257 Ark. 435, 516 S.W.2d 901 (1974). Because jurisdiction is the power or authority of a court to hear a case on its merits, it may be raised at any time. *Head v. Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982). Jurisdiction may even be raised for the first time on appeal. *Simpson v. State*, 310 Ark. 493, 837 S.W.2d 475 (1992). Consequently, the argument that preparation for trial had begun prior to the filing of the motion to dismiss on jurisdictional grounds is without merit.

*Id.* at 5, 871 S.W.2d at 331.

Moreover, Barnett's appeal must fail for a further reason. Although Barnett argues only the merits of his speedy-trial motion, the circuit court's dismissal of his *de novo* appeal was based on his failure to appear, and no trial was conducted. The trial court's ruling in this regard is clear from the record and from the

order entered that dismissed the appeal and remanded the case to municipal court.

Barnett's brief and argument do not address, in any respect, the ruling made by the trial court to dismiss the appeal. Consequently, he does not argue that the dismissal, under the circumstances of his failure to appear, was an abuse of discretion or in any way erroneous. The appellant failed to demonstrate or even argue trial error regarding those findings; this court will not presume reversible error. *Phillips v. State*, 321 Ark. 160, 900 S.W.2d 526 (1995).

Affirmed.

ROBBINS, C.J., and GRIFFEN, J., agree.