973 S.W.2d 477 (1998)
333 Ark. 613
L.H., Appellant,
v.
STATE of Arkansas, Appellee.
No. 97-1406.
Supreme Court of Arkansas.
June 18, 1998.
Val P. Price, Jonesboro, for Appellant.
Winston Bryant, Attorney General, Kelly S. Terry, Assistant Attorney General, Little Rock, for Appellee.
*478 CORBIN, Justice.
Appellant L.H. appeals the order of the Craighead County Chancery Court, Western District, Juvenile Division, adjudicating him delinquent of the offense of battery in the second degree, a Class D felony, and placing him on probation. For reversal, Appellant argues that the chancellor erred in refusing to order that the adjudication record be sealed and expunged pursuant to Ark.Code Ann. § 16-90-901 (Supp.1997), upon successful completion of his probation. This appeal presents an issue of first impression, requiring this court to interpret an act of the General Assembly; hence, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1-2(b)(1) and (6). We find no error and affirm.
The record reflects that on June 2, 1997, the State filed a petition in juvenile court, alleging that on or about May 27, 1997, Appellant committed the offense of second-degree battery by repeatedly hitting the victim on his previously injured shoulder. Pursuant to an arrangement with the prosecutor, Appellant pleaded true to the petition. Appellant was thus adjudicated delinquent by the chancellor and placed on probation through January 29, 1998, the date of his eighteenth birthday. Appellant was also ordered to pay court costs, probation fees, and victim restitution in the amount of $127.
Appellant moved the chancellor to seal and expunge the record of this juvenile adjudication pursuant to section 16-90-901, upon the successful completion of his probation. The chancellor denied the motion, ruling that section 16-90-901 applies only to criminal proceedings in circuit court, not to juvenile delinquency proceedings. The chancellor ruled that because Appellant had not been charged and sentenced as an adult for the felony offense, section 16-90-901 did not apply. Instead, the chancellor determined that the adjudication record was to be retained and preserved as provided in Ark. Code Ann. § 9-27-309 (Supp.1997). On appeal, Appellant argues that the chancellor erred in refusing to grant his motion to seal and expunge his juvenile record under section 16-90-901. We disagree.
Before reaching the merits of the point on appeal, we must first address two matters of procedural housekeeping. The first matter concerns Appellant's failure to abstract the adjudication order. The general rule is that the judgment or order appealed from is an essential part of the abstract on appeal. See Winters v. Elders, 324 Ark. 246, 920 S.W.2d 833 (1996). Arkansas Supreme Court Rule 4-2(b)(2) provides that the failure to abstract those material parts of the record needed for a review of the issues on appeal may result in this court's summarily affirming the ruling of the trial court. Here, a photocopy of the adjudication order is attached to the end of Appellant's brief. Even though such attachment is not a substitute for proper abstracting, see Ark. Sup.Ct. R. 4-2(a)(6),[1] we will address the merits of Appellant's point on appeal, as we are able to glean sufficient information from the abstract of the chancellor's bench ruling.
The second matter of housekeeping involves the Appellant's ability to appeal the chancellor's order of punishment, given that Appellant, in essence, pleaded guilty to the allegations contained in the petition for delinquency. Generally, there is no right to an appeal from a plea of guilty. Hill v. State, 318 Ark. 408, 887 S.W.2d 275 (1994). Arkansas Rule of Criminal Procedure 24.3 provides for appeal from a guilty plea or a plea of nolo contendere under certain circumstances, none of which apply here. This limited right of appeal from a guilty plea also pertains to appeals from juvenile court, as the rules of criminal procedure are applicable to juvenile delinquency proceedings. See Ark.Code Ann. § 9-27-325(f) (Supp.1997); Mason v. State, 323 Ark. 361, 914 S.W.2d 751 (1996). Where, however, an appeal from a plea of guilty raises only an issue of sentencing, rather than requiring a review of the plea itself, this court will entertain such an appeal. *479 Hill, 318 Ark. 408, 887 S.W.2d 275. See also Phillips v. State, 321 Ark. 160, 900 S.W.2d 526 (1995). Accordingly, the issue raised by Appellant is proper for review by this court.
This court has recently delineated the rules of statutory construction and interpretation in Reed v. State, 330 Ark. 645, 649, 957 S.W.2d 174, 176 (1997):
Statutes relating to the same subject should be read in a harmonious manner if possible. City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). All legislative acts relating to the same subject are said to be in pari materia and must be construed together and made to stand if they are capable of being reconciled. Id. We adhere to the basic rule of statutory construction, which gives effect to the intent of the legislature, making use of common sense and giving the words their usual and ordinary meaning. Kyle v. State, 312 Ark. 274, 849 S.W.2d 935 (1993). In attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the subject. Tate, 311 Ark. 405, 844 S.W.2d 356.
Additionally, it is fundamental that a general statute does not apply and must yield when there is a specific statute addressing a particular subject matter. Board of Trustees v. Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997); Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994); Cozad v. State, 303 Ark. 137, 792 S.W.2d 606 (1990).
The two statutes at issue in this case are section 16-90-901 and section 9-27-309. Section 16-90-901, which Appellant urges requires prompt expungement of his juvenile record, provides:
(a) As used in §§ 5-64-407, 5-4-311, 16-90-601, 16-90-602, 16-90-605, 16-93-301 XX-XX-XXX, and XX-XX-XXXX, "expunge" shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential in accordance with the procedures established by this subchapter.
(b) Unless otherwise provided by this subchapter, "expunge" shall not mean the physical destruction of any records.
Appellant's reliance on the purported benefits of this section is misplaced, as it is readily apparent that section 16-90-901 provides no substantive rights of expungement; rather, it merely defines the term "expunge" as it is used in certain enumerated code provisions, none of which apply to the facts of this case. Moreover, the sentencing provisions contained in those statutes referenced in section 16-90-901 do not apply to delinquency proceedings in juvenile court; rather, they apply to criminal offenses charged in circuit court or municipal court.
Section 9-27-309, on the other hand, specifically provides for the disclosure of certain juvenile records and the expungement of juvenile adjudication records. That section provides in part:
(a) All records may be closed and confidential within the discretion of the court, except:
. . . .
(2) Records of delinquency adjudications for which a juvenile could have been tried as an adult shall be made available to prosecuting attorneys for use at sentencing if the juvenile is subsequently tried as an adult or to determine if the juvenile should be tried as an adult.
(b) Records of delinquency adjudications for which a juvenile could have been tried as an adult shall be kept for ten (10) years after the last adjudication of delinquency or the date of a plea of guilty or nolo contendere or finding of guilt as an adult. Thereafter they may be expunged. The court may expunge other juvenile records at any time and shall expunge all the records of a juvenile upon his twenty-first birthday, in other types of delinquency, dependency-neglect, or families in need of services cases. For purposes of this section, "expunge" means to destroy. [Emphasis added.]
Considering the plain language of section 9-27-309, and giving the words their common and ordinary meaning, it is clear that the legislature intended to specifically provide for the retainment of delinquency records for *480 offenses in which the juvenile could have been tried as an adult for a period of ten years from the date of the juvenile's last adjudication of delinquency. The stated purpose for retaining those records is to allow prosecutors to use them to enhance the juvenile's sentence, in the event the juvenile is charged as an adult with a criminal offense, or to assist in the determination of whether to charge the juvenile as an adult for subsequent offenses. Thereafter, the records may be expunged.
From our review of both statutes, we arrive at the inescapable conclusion that the expungement of records envisioned by section 16-90-901 does not apply to the facts and circumstances of this case. Instead, section 9-27-309, which is part of the Juvenile Code, applies here. Appellant was seventeen years old at the time that he committed the offense of second-degree battery, a Class D felony; hence, he could have been charged with that offense in circuit court as an adult. See Ark.Code Ann. § 9-27-318(b)(1) (Supp.1997). Accordingly, because Appellant was adjudicated delinquent of an offense for which he could have been charged as an adult, the specific expungement provisions contained in section 9-27-309 control over the more general provisions for the expungement of criminal records found in section 16-90-901 and the statutes enumerated therein. We thus affirm the chancellor's ruling regarding the applicability of section 16-90-901 to Appellant's adjudication in juvenile court.
Additionally, we note that Appellant argued below that the different procedures for expunging the records of juvenile offenders and adult criminal offenders amount to a violation of his right to equal protection of the law. We do not reach the merits of this argument, because Appellant did not obtain a ruling from the chancellor and has not fully developed this issue on appeal. This court has repeatedly stated that the failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes a review of the issue on appeal. See, e.g., McGhee v. State, 330 Ark. 38, 954 S.W.2d 206 (1997); Morrison v. Jennings, 328 Ark. 278, 943 S.W.2d 559 (1997); Wooten v. State, 325 Ark. 510, 931 S.W.2d 408 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 979, 136 L.Ed.2d 862 (1997). The burden of providing a record sufficient to demonstrate that reversible error occurred is upon the appellant. McGhee, 330 Ark. 38, 954 S.W.2d 206.
Here, the abstract reveals only that the chancellor found that section 16-90-901 does not apply to juvenile delinquency proceedings, and that the Juvenile Code requires that records of felony dispositions in juvenile court remain on file with law enforcement for a period of ten years. The chancellor never addressed the difference between the expungement procedures offered in the two statutes. In any event, it practically goes without saying that "juvenile offenders are not adult offenders and are not treated as such." Robinson v. Shock, Supt., 282 Ark. 262, 265, 667 S.W.2d 956, 958 (1984). "[T]he entire process and the purpose of the juvenile code set it apart from the criminal code and many of the considerations involved in dealing with juvenile offenders are significantly different." Id. We thus affirm the chancellor's ruling.
NOTES
[1] Rule 4-2 has been amended, effective for all briefs filed after July 1, 1998. See In re: Supreme Court Rule 4-2, 331 Ark. Appx. (January 29, 1998). As of that date, Rule 4-2(a)(8) will require that each brief include an Addendum containing a photocopy of the order or judgment from which the appeal is taken. Correspondingly, Rule 4-2(a)(6) will no longer require such documents to be abstracted.