The Honorable Bobby L. Glover State Representative P.O. Box 1 Carlisle, Arkansas 72024-0001
Dear Representative Glover:
This is in response to your request for an opinion "whether Act 1114 of 1999 authorizes a municipality to, on a case by case basis, decide whether to pay or not to pay all or part of the hospitalization insurance benefits of a retired firefighter who serves the municipality as a volunteer firefighter."
It is my opinion that the answer to this question is somewhat unclear. Interpreting the statute in the way you suggest, however, is the only way to give it any effect.
Act 1114 of 1999 amends a subsection of A.C.A. § 24-11-818, subsection (f)(1). This statute governs the pension benefits of firefighters. Subsections (f)(2) and (3), which remain unchanged by Act 1114, provide as follows:
 (f)(2) Notwithstanding the provisions of subsection (a) of this section or any other law to the contrary, a person retired from service of a fire department may remain actively involved in the fire department provided the person does not receive compensation for the service provided.
 (f)(3) Service to a fire department under subsection (f)(2) of this section shall not cause any suspension of retirement benefits payable under § 24-11-801 et seq., nor shall such service be interpreted by any board administering funds under § 24-11-801 et seq., as a reinstatement of employment in a fire department.
Subsection (f)(1), was amended by Act 1114 of 1999 to add the emphasized language below:
 (f)(1) For purposes of this subsection, the term `compensation' shall not include any money received by the fire fighter for replacement of personal clothing or equipment destroyed during the performance of active service to a fire department or any expenditures by a municipality, as determined on a case-by-case basis, on behalf of the retired fire fighter for hospitalization benefits. [Emphasis added.]
Your question is whether the emphasized language above authorizes a municipality, on a case-by-case basis, to decide whether to pay or not to pay all or part of the hospitalization insurance benefits of a retired firefighter who serves the municipality as a volunteer firefighter. This authorization is not apparent from a reading of the new language.
Act 1114 of 1999 provides only that if a municipality is making any expenditure for hospitalization insurance on behalf of a retired firefighter, such payments will not affect his or her receipt of pension benefits. In my opinion, other law would ordinarily address the question of whether a municipality is authorized to make such payments. Cf. Op. Att'y Gen. 98-038 (opining, prior to the passage of Act 1114, that a firefighter's receipt of such insurance benefits would be "compensation" for purposes of A.C.A. § 24-11-818, but would also violate other state law). Specifically, A.C.A. § 24-12-129 (Supp. 1997) provides as follows:
 When any municipal official or employee age fifty-five (55) or over, who has completed twenty (20) years of service to the municipality and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, receiving the same medical benefits and paying the same premium as active employees as long as the retired official or employee pays both employer and employee contributions to the health care plan.
A question arises as to whether the new language of Act 1114 of 1999 creates an exception for retired municipal firefighters who choose to remain active in their fire departments. Ordinarily, any retired municipal official or employee (at least one who retires after the effective date of A.C.A. § 24-12-129), is entitled to continue to participate in the health care plan, but he or she must pay both employee and employer contributions to do so. Act 1114, however, contemplates that a municipality will be paying a portion of the cost of the retired employee remaining in the hospitalization plan. This is contrary to the more general rule set out at A.C.A. § 24-12-129, and is not authorized under any other provision of state law. Does Act 1114 operate as stand-alone authority for municipalities to make such payments? This is the question you pose.
It is my opinion that a court faced with the question would in all likelihood construe the statute as authorizing municipalities to make such expenditures on behalf of firefighters who remain active in the department. Three rules of statutory construction dictate this result.
First, the primary rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intention of the legislature. Lawhon Farm Services v. Brown, 335 Ark. 276, 984 S.W.2d 1
(1998). There is no way to give Act 1114 any effect if it is not construed to authorize municipalities to make expenditures for hospitalization benefits for retired members who remain active in the department. Prior to the adoption of Act 1114 of 1999, these employees (retired firefighters) were covered by A.C.A. § 24-12-129, as other municipal employees. If they continued health insurance coverage, they were required to pay both employer and employee contributions. There was no separate state law at the time of adoption of Act 1114 of 1999 that authorized municipalities to pay for the expense of health insurance for retired firefighters or police officers. See e.g., Ops. Att'y. Gen.98-038 and 97-131.
Second, it is a rule of statutory construction that the legislature will not be presumed to have done a vain and useless thing. Phillips PetroleumCompany v. Heath, 254 Ark. 847, 497 S.W.2d 30 (1973). If Act 1114 is not interpreted as giving municipalities the authority to make expenditures for hospitalization benefits for retired firefighters who remain active in the department, the Act will have no effect whatever. It would protect the pension benefits of retired, but active firefighters against an action (municipal expenditures for hospitalization benefits), which could never lawfully take place.
Third, it is a rule of statutory construction that statutes relating to the same subject must be harmonized if possible. K.M. v. State,335 Ark. 85, 983 S.W.2d 93 (1998). In addition, in statutory construction, a general statute must yield when there is a specific statute involving the particular matter. L.H. v. State, 333 Ark. 613, 973 S.W.2d 477 (1998). In light of all these rules it is my opinion that a court faced with the question would interpret Act 1114 as granting implicit authority for municipalities to make expenditures for hospitalization benefits for retired firefighters who remain active in the department. In this regard, Act 1114 is a special rule for retired firefighters who remain active in the department. They are not subject to the restriction, found in the general rule of A.C.A. § 24-12-129, that retired officials or employees who wish to continue insurance coverage must pay both employee and employer contributions.
One final note requires mention. Act 1114 exempts "any expenditures by a municipality, as determined on a case-by-case basis, on behalf of a retired firefighter. . . ." (Emphasis added). I am uncertain as to the meaning of the emphasized language. Municipalities should consult with their local counsel to implement a procedure for applying this statute in an even-handed nondiscriminatory manner.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh