The Honorable Sue Madison State Representative 573 Rockcliff Road Fayetteville, AR 72701-3809
Dear Representative Madison:
You have requested an Attorney General opinion concerning a sheriff's "good time" policy for the county jail.
You have asked:
 If the Sheriff is to have any sort of "good time" policy, must he follow A.C.A. § 12-41-101 through -105 [Act 639 of 1979, as amended], or does he have the authority under A.C.A. § 12-41-501 et seq. [Act 1097 of 1997] to enact other policies which may include some sort of "good time" to manage the jail population and to keep in compliance with the U.S. Constitution to avoid liability pursuant to 42 U.S.C. § 1983?
It is my opinion, as explained more fully below, that if the sheriff is to have any sort of "good time" policy, he must do so under the provisions of A.C.A. § 12-41-101 through-105 [Act 639 of 1979, as amended].
The provisions of A.C.A. § 12-41-101 through -105 set forth a system for sheriffs and chiefs of police to establish "good time" policies for county and city jails. This system includes very specific requirements to be followed by the sheriff or chief of police. Among these requirements are a classification system for inmates, limitation on sentence reductions, forfeiture and restoration provisions, and the establishment of a committee.
The provisions of A.C.A. § 12-41-501 et seq., in contrast, set forth the more general authority and responsibilities of sheriffs with regard to the management of county jails. These more general provisions do not address the issue of "good time" policies.
It is my opinion that because the provisions of A.C.A. § 12-41-101
through -105 are more specific with regard to "good time" policies, they must govern. The Arkansas courts have consistently held that where two statutes address the same subject, and one of them is more specific, the one that is more specific will govern. See, e.g., L.H. v. State,333 Ark. 613, 973 S.W.2d 477 (1998); Board of Trustees v. Stodola,328 Ark. 194, 942 S.W.2d 255 (1997); Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994); City of Ft. Smith v. Tate, 311 Ark. 405,844 S.W.2d 356 (1993); Cozad v. State, 303 Ark. 137,792 S.W.2d 606 (1990); Sunbelt Courier v. McCartney, 31 Ark. App. 8,786 S.W.2d 121 (1990), aff'd 303 Ark. 522,798 S.W.2d 92 (1990); Thomas v. Easley, 277 Ark. 222,640 S.W.2d 797 (1982).
In the case of sheriffs' "good time" policies, the provisions of A.C.A. § 12-41-101 through -105 are clearly more specific than the provisions of A.C.A. § 12-41-501 et seq. Moreover, the provisions of A.C.A. § 12-41-101
through — 105 are mandatory. See Op. Att'y Gen. No. 93-241. The provisions of A.C.A. § 12-41-101 through -105 must therefore govern. Accordingly, under the holdings of the Arkansas courts, I must conclude that if a sheriff is to enact a "good time" policy, he must do so pursuant to A.C.A. § 12-41-101 through -105.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh