Jeffrey Charles ELMORE v. STATE of Arkansas

CR 03-910                                  144 S.W.3d 278

Supreme Court of Arkansas
Opinion delivered January 29, 2004

*Joe Kelly Hardin*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. Appellant Jeffrey Elmore appeals his January 21, 2003 conviction for the rape of his twelve-year-old stepdaughter. At issue is whether the trial judge erred in not striking his wife from the jury for cause. Because this appeal involves a sentence in which the death penalty or life imprisonment has been imposed, we have jurisdiction under Ark. R. Sup. Ct. 1-2(a)(2). We reverse and remand for a new trial.

## I. Facts

On September 30, 2002, appellant Jeffrey Elmore was charged with the rape of his twelve-year-old stepdaughter, H.G. On January 21, 2003, the court held a *Denno* hearing in order to determine the voluntariness of the appellant's confession. The appellant claimed that because he was coming down after smoking crack at the time he was being interrogated, his confession was not voluntary. After hearing testimony from the interrogating officers that Elmore showed no signs of being on drugs, the court ruled that the appellant's statements were voluntary and denied his motion to suppress them.

During jury selection on January 23, 2003, the appellant exercised all eight of his peremptory strikes. After the appellant had used his final peremptory strike, juror Joy Shirron was chosen to replace one of the stricken jurors. Because she was the trial judge's wife, the appellant moved to strike Mrs. Shirron for cause. The judge refused to strike his wife for cause and stated that "if she's not qualified, you'll need to show it." During the voir dire examination of Mrs. Shirron, she testified, among other things, that she was the judge's wife and that she had, on occasion, discussed cases that were before her husband's court with him. The appellant again moved to dismiss juror Shirron for cause, and the judge denied the motion a second time. Mrs. Shirron was then empaneled on the jury. The appellant was found guilty of rape and sentenced to life in prison. This appeal follows. Elmore alleges two errors on appeal: 1) that the trial judge erred in refusing to strike his wife from the jury, and 2) the trial judge erred in denying the appellant's motion to suppress his statement to the police.

## II. Voir Dire

Although a trial judge is presumed to be impartial, *Walls v. State*, 341 Ark. 787, 20 S.W.322 (2000), and jurors are presumed to be unbiased, *Kelly v. State*, 350 Ark. 238, 85 S.W.3d

893(2002), the relationship of a judge and his wife is undoubtedly a very close one. Because of the close relationship Judge Shirron has with his wife, we feel it was error to permit his wife to sit as a juror. We have long held that a judge must avoid even the appearance of impropriety. Canon 2, *Arkansas Code of Judicial Conduct* (1993); *Henderson v. State*, 322 Ark. 402, 910 S.W.2d 656 (1995); *City of Jacksonville v. Venhaus*, 302 Ark. 204, 788 S.W.2d 478 (1990); *Bolden v. State*, 262 Ark. 718, 561 S.W.2d 281 (1978). The fact Mrs. Shirron was not struck for cause created an appearance of questionable propriety, especially in light of her statement that she sometimes discussed her husband's pending cases with him. At the very least, the other jurors would likely give more credence or weight to the judge's wife's views than the others on the panel.

We do not imply that either the trial judge or his wife was guilty of any actual impropriety. It is well settled that when passing on the qualifications of jurors, a trial court has much latitude and discretion, and, unless abused, its actions will not be reversed on appeal. *Crouch v. Richards,* 212 Ark. 980, 208 S.W.2d 460 (1948). However, this discretion must be used both critically and carefully to avoid even the appearance of impropriety, bias, or prejudice. A defendant's Sixth Amendment right to a fair trial before an impartial jury is a fundamental element of due process. *U.S. v. Crow Dog,* 532 F.2d 1182 (8th Cir. 1976) (*Citing Singer v. United States,* 380 U.S. 24, 85 S. Ct. 783, 13 L.Ed.2d 630 (1965); *In re Murchison,* 349 U.S. 133, 75 S. Ct. 623, 99 L.Ed 942 (1955); *United States v. McNally,* 485 F.2d 398 (8th Cir. 1983) (*cert. denied* 415 U.S. 978, 94 S. Ct. 1566, 39 L.Ed.2d 874 (1974). Allowing a trial judge's spouse to serve as a juror in a case where the trial judge presides creates an appearance of impropriety; therefore, we hold that the trial court should have excused his wife for cause. Accordingly, we reverse this case and remand it for a new trial.

### III. Admissibility of Confession

It is unnecessary to reach the appellant's second point on appeal. However, because the issue of whether the trial court erred by admitting the appellant's statement into evidence may again be raised on retrial, we dispose of the matter now. The appellant contends his statement to the police was involuntary because at the time he waived his Fifth Amendment rights and

gave his statement, he was coming down from smoking crack and had not slept for twenty-three days. At the *Denno* hearing, Elmore claimed that he did not understand what his rights were on the form that he signed, and he only understood where he was asked to initial and sign. The trial court also heard testimony from Detective Robert Byrd, a five-year veteran who had previously come into contact with 30 to 100 people under the influence of crack and methamphetamine. Byrd stated that the appellant did not appear to be under the influence of crack cocaine or any other drug or alcohol during the interview. The detective also said that at no time did the appellant indicate he did not understand his rights, and the detective never used any threats, force, or coercion in order to obtain the appellant's statement. The trial court resolved the credibility dispute against the appellant. We defer to the superior position of the trial judge in matters of credibility. *Jones v. State*, 344 Ark. 682, 42 S.W.3d 536 (2001).

We have held that whether an accused had sufficient mental capacity to waive his constitutional rights or was too incapacitated due to drugs or alcohol to make an intelligent waiver is a question of fact for the trial court to resolve. *Kemp v. State*, 324 Ark. 178, 919 S.W.2d 943 (1996) (*Citing Phillips v. State*, 321 Ark. 160, 900 S.W.2d 526 (1995)). Moreover, the fact that the accused might have been intoxicated at the time of his statement, alone, will not invalidate that statement, but will only go to the weight accorded it. *Id.* In reviewing the appellant's claim of involuntariness of a confession, this court makes an independent determination based on the totality of the circumstances. *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). Under these standards, the trial court's decision to admit the appellant's statement into evidence was not clearly erroneous.

Reversed and remanded.

THORNTON, J., not participating.