Jimmie OSBORNE *v.* STATE of Arkansas

CA CR 05-267                                    230 S.W.3d 290

Court of Appeals of Arkansas
Opinion delivered March 1, 2006

338

*C. Scott Nance*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Jimmie D. Osborne appeals from various drug-related convictions, raising two points of appeal. He asserts that the trial court erred in not declaring Arkansas Code Annotated § 5-64-403 (Supp. 2003)[1] unconstitutionally vague and in denying his request to provide additional jury instructions. We are not persuaded by appellant's arguments, and affirm his convictions.

Appellant was charged with Class B felony possession of drug paraphernalia with intent to manufacture methamphetamine under § 5-64-403(c)(5). At the beginning of appellant's jury trial, he asserted that § 5-64-403 was unconstitutionally vague because possession of drug paraphernalia with intent to manufacture methamphetamine under that statute may be punished as a Class A misdemeanor, a Class B felony, or a Class C felony. The trial court denied appellant's motion. Appellant also requested jury instructions regarding the possession of drug paraphernalia with the intent to manufacture a controlled substance, a Class A misdemeanor under § 5-64-403(c)(1)(A)(i) and (ii), and regarding the violation

---

[1] This statute was subsequently amended by Act No. 1994 of 2005. The amendments were mostly stylistic and would not have changed the disposition of this case. *See* Ark. Code Ann. § 5-64-403 (Repl. 2005).

of § 5-64-403 in the course of and in furtherance of a felony violation of the Controlled Substances Act, a Class C felony under § 5-64-403(c)(1)(B). The trial court refused to instruct the jury as appellant requested and instructed the jury only with regard to the Class B felony drug-paraphernalia possession charge. The jury found appellant guilty of the above charges and sentenced him to serve twenty-five years in the Arkansas Department of Correction.

## I. Standing

The first issue we must address is whether appellant has standing to challenge the constitutionality of the pertinent provisions of § 5-64-403. However, before making that determination it is instructive to set out appellant's constitutional argument. He specifically challenges the constitutionality of the following subdivisions of Ark. Code Ann. § 5-64-403 that pertain to possession of drug paraphernalia with the intent to manufacture methamphetamine:

(c) Drug Paraphernalia.

(1)(A)(i) It is unlawful for any person to use, or *to possess with intent to use, drug paraphernalia to* plant, propagate, cultivate, grow, harvest, *manufacture*, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body *a controlled substance in violation of this chapter.*

(ii) A violation of this subdivision (c)(1)(A)(i) is a Class A misdemeanor.

(B) Any person who violates this section in the course of and in furtherance of a felony violation of this chapter is guilty of a Class C felony.

. . .

(5) *It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to manufacture methamphetamine in violation of this chapter.* Any person who pleads guilty nolo contendere to or is found guilty of violating the provisions of this subdivision (c)(5) shall be guilty of a Class B felony. (Emphasis added.)

Appellant was convicted of Class B felony possession of drug paraphernalia under § 5-64-403(c)(5). He argues that § 5-64-403

is unconstitutionally vague because it contains two *additional* punishments for the *same* conduct: a Class C felony, pursuant to subdivision 5-64-403(c)(1)(B), and a Class A misdemeanor, pursuant to subdivisions 5-64-403(c)(1)(A)(i) and (ii).

The State asserts that appellant has no standing to argue that subdivision (c)(1)(A)(i) and (ii) and subdivision (c)(1)(B) are unconstitutionally vague because he was not convicted under those subdivisions. For support, the State cites to *Garrigus v. State*, 321 Ark. 222, 901 S.W.2d 12 (1995) (holding the defendant lacked standing to raise a double-jeopardy challenge to a statute authorizing additional penalties for underage driving while under the influence, where there was no finding that he was punished under that statute), and to *Greer v. State*, 310 Ark. 522, 837 S.W.2d 884 (1992) (holding the defendant lacked standing to challenge as unconstitutionally vague two provisions of the DUI statute creating presumptions based on blood-alcohol content, where the defendant asserted that those provisions conflicted with the subsection in the same statute setting the minimum blood-alcohol content, but where he was not convicted under the provisions concerning the presumptions).

We disagree that appellant lacks standing to challenge the constitutionality of subdivisions (c)(1)(A)(i) and (ii) and (c)(1)(B) simply because he was charged and convicted under subdivision (c)(5). The cases cited by the State are distinguishable because the challenges in those cases involved either portions of the statute under which the defendant had not been convicted or a separate statute under which he had not been convicted.

While appellant in the instant case was not charged or convicted under subdivision (c)(1)(A)(i) and (ii) or (c)(1)(B), his argument is that subdivision (c)(5), under which he *was* convicted, *when taken with the other two subdivisions,* violates due process because the subdivisions are so inconsistent as to fail to provide notice of how the conduct will be punished. Thus, unlike the defendant in the cases cited by the State, appellant here clearly challenged the constitutionality of the subdivision of the statute under which he was convicted. Further, unlike the *Greer* defendant, appellant here does not assert that the provisions under which he was not convicted conflict with subdivision (c)(5). To the contrary, he asserts that his conduct could have supported a charge under any of the provisions.

If appellant has no standing here, we cannot determine how a defendant could *ever* successfully challenge the constitutionality of conflicting or inconsistent subdivisions of the same statute. Accordingly, we hold that appellant has standing to challenge the constitutionality of the above-noted subdivisions of § 5-64-403.

## II. Constitutionality of Arkansas Code Annotated Section 5-64-403

On the merits, however, we are not persuaded by appellant's argument that § 5-64-403 is unconstitutionally vague. The guidelines governing statutory interpretation where the constitutionality of a statute is challenged were explained in *Bowker v. State*, 363 Ark. 345, 214 S.W.3d. 243 (2005), as follows:

> Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. If it is possible to construe a statute as constitutional, we must do so. Because statutes are presumed to be framed in accordance with the Constitution, they should not be held invalid for repugnance there to unless such conflict is clear and unmistakable. We have said that a law is unconstitutionally vague under due process standards if it does not give a person of ordinary intelligence fair notice of what is prohibited, and it is so vague and standardless that it allows for arbitrary and discriminatory enforcement. As a general rule, the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the facts at issue. When challenging the constitutionality of a statute on grounds of vagueness, the individual challenging the statute must be one of the "entrapped innocent," who has not received fair warning; if, by his action, that individual clearly falls within the conduct proscribed by the statute, he cannot be heard to complain. [Citations omitted.]

Statutes relating to the same subject should be read in a harmonious manner if possible. *L.H. v. State*, 333 Ark. 613, 973 S.W.2d 477 (1998). All legislative acts relating to the same subject are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* The basic rule of statutory construction is to give effect to the intent of the legislature, making use of common sense and giving the words their usual and ordinary meaning. *Id.* In attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be

served, the remedy provided, legislative history, and other appropriate matters that throw light on the subject. *Id.* Additionally, it is fundamental that a general statute does not apply and must yield when there is a specific statute addressing a particular subject matter. *Id.*

Appellant's argument is that § 5-64-403 is unconstitutionally vague because it authorizes different penalties for the same conduct: possession of drug paraphernalia with intent to manufacture methamphetamine. However, the legislature may authorize different maximum penalties for the same conduct if the law clearly defines the conduct prohibited. Further, the punishment authorized is not unconstitutional merely because a statute contains overlapping provisions authorizing different maximum penalties. *United States v. Batchelder*, 442 U.S. 114 (1979) (holding the statutory scheme of two federal laws was not void for vagueness and did not violate equal protection or due process even though the defendant's conduct violated both laws).

■ Here, the Arkansas General Assembly has expressly authorized the State to seek the *greatest* penalty, the Class B felony, under subdivision § 5-64-403(c)(5), where, as in the instant case, drug paraphernalia is possessed with the intent to manufacture methamphetamine *as opposed to any other controlled substance*. Arkansas Act 1268 of 1999, which enacted § 5-64-403(c)(5), contained a general repealer clause as well as an emergency clause. The emergency clause stated that the Act "was immediately necessary to *increase the penalties* for drug paraphernalia used to manufacture methamphetamine." (Emphasis added.) However, because subdivisions (c)(1)(A)(i) and (ii) and subdivision (c)(1)(B) do not "conflict" with subdivision (c)(5), we are not convinced those provisions were repealed. In any event, § 5-64-403 is not so vague and standardless that it allows for arbitrary and discriminatory enforcement; nor does the fact that the prosecutor exercised discretion in seeking the maximum penalty give rise to a constitutional infringement. *Simpson v. State*, 310 Ark. 493, 837 S.W.2d 475 (1992).

■ The Arkansas Supreme Court has twice upheld the constitutionality of § 5-64-403(c) against void-for-vagueness challenges, but on different grounds from those asserted by appellant here. *See Crail v. State*, 309 Ark. 120, 827 S.W.2d 157 (1992) (rejecting the defendant's void-for-vagueness claim where he asserted that he knew that the penalty for possession of a small quantity of marijuana was minor (a misdemeanor) but did not

know the penalty for possession of the pipe used to smoke the marijuana under § 5-64-403 was more serious (a felony)); *Moore v. State*, 297 Ark. 296, 761 S.W.2d 894 (1988) (holding that the statute defining "drug paraphernalia" and § 5-64-403(c)(1) were not unconstitutionally vague for want of certainty and definiteness because they give a person of ordinary intelligence notice that his contemplated conduct is forbidden). Pursuant to these authorities, it cannot be said that § 5-64-403 does not provide a person of ordinary intelligence fair notice that it is illegal to possess drug paraphernalia with the intent to manufacture methamphetamine. To the contrary, § 5-64-403 penalizes possession of drug paraphernalia with the intent to manufacture methamphetamine in *three* ways.

Further, the terms "knowingly," "possess," "drug paraphernalia," and "manufacture," in turn, are specifically defined elsewhere in the Code. Ark. Code Ann. § 5-2-202(2) (Repl. 2006) (defining "knowingly"); Ark. Code Ann. § 5-1-102(15) (Repl. 2006) (defining "possess"); Ark. Code Ann. § 5-64-101(14)(A) (Repl. 2005) (defining "drug paraphernalia"); Ark. Code Ann. § 5-64-101(16)(A) (Repl. 2005) (defining "manufacture").

It is true that a person of ordinary intelligence might not know beforehand whether he would be charged under § 5-64-403 with a Class A misdemeanor, a Class B felony, or a Class C felony if he possessed drug paraphernalia with the intent to manufacture methamphetamine. However, the fact that a person might not know how severely he might be punished for possessing drug paraphernalia in violation of § 5-64-403 is not a sufficient reason for a court to declare the statute unconstitutional. *Crail, supra.*

The *Crail* defendant argued that the law prohibiting the possession of marijuana was unconstitutionally void because it penalized the possession of a small quantity of marijuana as a misdemeanor, but the law governing the possession and use of drug paraphernalia under § 5-64-403(c)(1) made possession of the pipe used to smoke marijuana a felony. Like appellant, the *Crail* defendant argued that the inconsistency regarding the seriousness of the penalties imposed made the statutes unconstitutionally vague. The *Crail* court rejected that argument and held that the statutes were not unconstitutionally vague. Likewise, here the different penalties imposed by § 5-64-403 for possessing drug paraphernalia with the intent to manufacture methamphetamine

do not make those subdivisions imposing the different penalties unconstitutionally vague because the statute clearly provides fair notice of the prohibited conduct.

For these reasons, we hold that the trial court did not err in determining that the subdivisions of § 5-64-403 relating to the possession of drug paraphernalia with the intent to manufacture methamphetamine are not unconstitutional.

### III. Jury Instructions

The jury in this case received Arkansas Model Criminal Instruction 2d 6418.2, which governs the possession of drug paraphernalia with intent to manufacture methamphetamine. Appellant also assigns error in the trial court's refusal to additionally instruct the jury to allow it to consider convicting him of the lesser offense of a Class A misdemeanor or a Class C felony under § 5-64-403. We hold that the trial court did not err in denying appellant's request to provide additional jury instructions.

First, although appellant argued at length below regarding his reasons for requesting alternate jury instructions, he did not formally proffer any written instructions; none appear in the record or the abstract. We will not find error in a trial court's denial of a defendant's requested instruction where the text of the proposed instruction does not appear in the abstract or in the transcript. *Pharo v. State*, 30 Ark. App. 94, 783 S.W.2d 64 (1990).

Second, a trial court may refuse to offer a jury instruction on an included offense when there is no rational basis for a verdict acquitting the defendant of the charged offense and convicting him of the included offense. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002). Further, it is well-settled that in cases in which a defendant makes a claim of innocence, no rational basis exists to instruct the jury on a lesser-included offense because the jury need only determine whether the defendant is guilty of the crime charged. *Id.*

Appellant's defense, as articulated by his trial counsel during opening arguments, was that "he's innocent of these charges and he is not going to enter a plea . . . [h]e wants a trial because he's innocent." Counsel further stated that none of the items confiscated by police belonged to appellant. Thus, because appellant claimed innocence, there was no rational basis for issuing

instructions on any lesser-included offenses. *Atkinson, supra.* Accordingly, the trial court did not err in refusing to provide additional jury instructions.[2]

Affirmed.

GLADWIN and NEAL, JJ., agree.

---

[2] We note the State's alternate argument that the trial court did not err in refusing to provide lesser-included instructions because it determined that the enactment of § 5-64-403(c)(5), which imposes the Class B felony, repealed §§ 5-64-401(a)(1)(A) and (B) in methamphetamine-manufacture cases. However, because we affirm the trial court's denial of the lesser-included instructions for other reasons, we do not address the State's "repealer" argument.