**Opinion issued March 31, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-18-00603-CR**

_____

**MICHAEL EDWIN HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 235th District Court**
**Cooke County, Texas**
**Trial Court Case No. CR16-00449**

---

**CONCURRING OPINION**

Defense counsel did not ask potential jurors whether any of them were related to the judge or prosecutor. The judge's brother and the prosecutor's brother-in-law were seated on the jury. On appeal, Michael Edwin Hicks contends that the judge and prosecutor were obligated to disclose the presence of relatives in the jury pool

and that the selection and service of these relatives as jurors deprived him of his constitutional right to an impartial jury. As it must, the majority rejects Hicks's claim based on *Armstrong v. State*, 897 S.W.2d 361 (Tex. Crim. App. 1995) (per curiam). I agree that *Armstrong* disposes of Hicks's complaint and thus concur in the majority's opinion, but I write separately to urge *Armstrong*'s abrogation.

### *Prosecutor's Brother-in-Law*

The Sixth Amendment to the United States Constitution guarantees a defendant the right to be tried by an impartial jury. The Texas Constitution likewise does so. TEX. CONST. art. I, § 10. In service of this guarantee, a defendant may challenge for cause a potential juror who is related within the third degree of consanguinity or affinity to the prosecutor. TEX. CODE CRIM. PROC. art. 35.16(c)(1).

The prosecutor's brother-in-law is related within the third degree of affinity and thus is subject to challenge for cause. *See id.*; TEX. GOV'T CODE §§ 573.023(c), 573.024(a)(2), 573.025. But under *Armstrong* the defendant waives any error in seating the brother-in-law unless defense counsel or another asks the potential jurors if any of them are related to the prosecutor. *See* 897 S.W.2d at 363–66.

Allowing a prosecutor to sit in silence as a close relative of his is seated on the jury makes a mockery of the constitutional guarantee to trial by an impartial jury. The primary duty of prosecutors is "not to convict, but to see that justice is done." TEX. CODE CRIM. PROC. art. 2.01. Prosecutors have an affirmative duty "to so

2

conduct themselves as to insure a fair trial for both the state and the defendant." *Id.* art. 2.03(b). As the principle dissent in *Armstrong* observed, nondisclosure of relatives in the jury pool who are subject to challenge for cause is not compatible with these duties. *Armstrong*, 897 S.W.2d at 373 (Baird, J., dissenting).

### *Trial Judge's Brother*

Texas law does not directly address the presence of the trial judge's close relatives in the jury pool or on the jury. *Cf.* TEX. CONST. art. V, § 11 (judge cannot sit in case "where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law"); TEX. CODE CRIM. PROC. art. 30.01 (judge disqualified if "the accused or the party injured may be connected with him by consanguinity or affinity within the third degree"). Like prosecutors, however, trial judges have an affirmative duty "to so conduct themselves as to insure a fair trial for both the state and the defendant." TEX. CODE CRIM. PROC. art. 2.03(b). Courts have rightly held that a judge errs in seating a close relative on the jury in light of the defendant's right to an impartial jury and the general public's right that the jury appears impartial. *See Elmore v. State*, 144 S.W.3d 278, 279–80 (Ark. 2004) (judge erred by not excusing his wife for cause); *People v. Hartson*, 553 N.Y.S.2d 537, 538–39 (N.Y. App. Div. 1990) (per curiam) (judge erred in not removing his wife from jury pool on his own initiative).

## *Conclusion*

The Sixth Amendment issue in this case is straightforward: did the trial judge and prosecutor have a relationship with potential jurors that should have been disclosed to the defense? As Judge Overstreet said in his dissent in *Armstrong*, the answer is equally straightforward: "If there is a requirement to be candid and above board, the answer is yes." *Armstrong*, 897 S.W.2d at 374 (Overstreet, J., dissenting). *Armstrong* says that there is no such requirement. *Armstrong* is wrong.

Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.

Justice Goodman, concurring.

Publish.  TEX. R. APP. P. 47.2(b).

4